IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Carl R.
GRUENWALD, Attorney at Law.

Supreme Court

*No. 87–0101–D. Filed December 17, 1987.*

(Also reported in 416 N.W.2d 289.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended and conditions imposed on continued practice of law.*

The referee recommended as discipline for Attorney Gruenwald's professional misconduct the imposition of a six-month suspension of his license to practice law and a stay of that suspension for a period of two years pending Attorney Gruenwald's compliance with specific conditions directed to his recovery from a medical condition found to be the cause of the misconduct. That misconduct consisted of the neglect of four legal matters and the failure to cooperate with the Board of Attorneys Professional Responsibility

(Board) in its investigation of those matters and an additional matter.

While we consider Attorney Gruenwald's medical condition a mitigating factor in determining discipline to be imposed, we find it insufficient to warrant staying a suspension of his license to practice law. We determine that a six-month suspension of his license is appropriate discipline in response to the seriousness of his misconduct. Further, we require him to comply with certain conditions to ensure that his medical condition will not interfere with his practice of law following reinstatement of his license.

Attorney Gruenwald was admitted to practice law in Wisconsin in 1976 and practiced in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. The referee is Attorney Robert P. Harland.

This matter originally was filed with the court by the Board as a medical incapacity proceeding seeking the suspension of Attorney Gruenwald's license on the ground that his medical condition rendered him incapable of performing the duties of the profession. However, after Attorney Gruenwald filed an answer stating that he was not medically incapacitated, the Board filed a disciplinary complaint alleging five counts of professional misconduct. Attorney Gruenwald admitted to all but one of those counts.

Following a hearing, the referee made findings of fact as follows. A man retained Attorney Gruenwald to prepare and file his 1985 income tax return. After telling the client he had filed for an extension of time and that the return would be filed by May 1, 1986, Attorney Gruenwald failed to respond to the client's repeated telephone inquiries concerning the status of the matter. At some point, the law firm with which

Attorney Gruenwald had been practicing telephoned the client to inform him that Attorney Gruenwald was no longer with that firm. After attempting unsuccessfully to contact Attorney Gruenwald at his home during the next three weeks, the client wrote to him asking for the return of the tax file, but Attorney Gruenwald did not respond. The file was not returned to the client until November 14, 1986, and the client ultimately had his tax return prepared elsewhere. During the Board's investigation of this matter, Attorney Gruenwald failed to respond to a request of the Board for information.

In another matter, a couple retained Attorney Gruenwald in March of 1985 to represent them in a federal tax matter. Attorney Gruenwald failed to attend to the matter, failed to respond to the clients' inquiries concerning it, and failed to turn over their files when they decided to seek other counsel. In addition, Attorney Gruenwald failed to respond to letters of inquiry from the Board in its investigation into the matter.

A third matter concerned Attorney Gruenwald's representation of a couple in 1985 to incorporate a business they were forming. The clients paid him a retainer of $500 and subsequently paid him approximately $600 for incorporation expenses. Attorney Gruenwald prepared a lease agreement and an escrow agreement for the clients' use in their business, and the clients then began selling leases. He assured the clients in January, 1986 that the incorporation was completed, and he promised to send the clients the incorporation documents and their file but did not do so. In addition to failing to respond to the clients' subsequent requests for information concerning the matter, Attorney Gruenwald failed to respond to two

letters of inquiry from the Board during its investigation into the matter.

In a fourth matter, a man retained Attorney Gruenwald to represent him in a federal tax matter, for which he paid a $250 retainer in February, 1985. The Internal Revenue Service originally claimed the client had a $68,000 tax liability, but that amount was subsequently reduced to $63,000. During the representation, Attorney Gruenwald failed to respond to the client's telephone inquiries concerning the matter, and he moved his office without notifying the client. On September 15, 1986 the client wrote to Attorney Gruenwald telling him that he had only 10 days remaining in which to comply with an IRS request and asking that his files be returned. By September 24, 1986, the client's tax liability had reached approximately $86,000, but Attorney Gruenwald did not return the client's file until November 14, 1986, and he did not refund the retainer the client had paid. Here again, Attorney Gruenwald failed to respond to a letter of inquiry from the Board in its investigation, and he did likewise in response to letters from the Board investigating a fifth matter.

On the basis of these facts, the referee concluded that Attorney Gruenwald neglected the four legal matters, in violation of SCR 20.32(3), and failed to cooperate with the Board, in violation of SCR 22.07(2). With respect to the fourth matter set forth above, the referee concluded that Attorney Gruenwald had done nothing to earn the $250 retainer he had been paid and recommended that the court order him to refund that retainer to the client.

The referee considered Attorney Gruenwald's misconduct of sufficient severity to warrant the suspension of his license to practice law for six months.

However, because he found the misconduct to have been the result of Attorney Gruenwald's medical condition, the referee recommended that the suspension be stayed for a period of two years pending Attorney Gruenwald's compliance with certain conditions addressing that medical condition. It had been established that Attorney Gruenwald suffered from an addiction to prescription drugs as a result of having been treated for migraine headaches, hypertension, gastric ulcer and depression. In addition to finding that Attorney Gruenwald had been rendered "incapable of functioning in a responsible manner because of his addiction to prescription drugs," the referee found that Attorney Gruenwald was making "a genuine effort to rehabilitate himself." The referee acknowledged, however, that the rehabilitation effort had not been continuing for a substantial period of time. The referee expressed his belief that a stayed suspension of his license and the imposition of conditions on his continued practice of law would likely assist Attorney Gruenwald in permanently overcoming his addiction.

Several of the recommended conditions appear reasonably directed to Attorney Gruenwald's rehabilitation from his addiction to prescription drugs, and we impose them as part of the discipline, but we consider the seriousness of Attorney Gruenwald's misconduct, notwithstanding the mitigating factor of his medical condition, warrants suspending his license to practice law for six months rather than staying the suspension.

This is not the first occasion we have had to consider imposing a license suspension and staying it pending an attorney's compliance with conditions designed to remedy the cause or contributing factor of professional misconduct. After having rejected recommendations for the imposition of a stayed suspension

695

in several disciplinary cases, we imposed a license suspension and stayed it pending the attorney's compliance with conditions in only one instance. *Disciplinary Proceedings Against Fay,* 123 Wis. 2d 73, 365 N.W.2d 13 (1985). In that case, the record established the attorney's successful rehabilitation for a significant period of time. This was the basis for the discipline imposed in *Fay:* "[I]n light of the findings that the misconduct was caused by alcoholism and that Attorney Fay has been successfully rehabilitated from alcoholism for more than two years, we find this an appropriate case in which to impose a stayed suspension and conditions on the continued practice of law." *Id.,* 77.

Here, however, we are not presented with an attorney's successful rehabilitation efforts for an extended period. The evidence established that Attorney Gruenwald received medical care on an intermittent basis beginning in June, 1986, but did not enter a rehabilitation program until January, 1987. Unlike Attorney Fay, Attorney Gruenwald has not established his ability to adequately represent the interests of those who might consult or retain him and to carry out the responsibilities of one engaged in the practice of law. Consequently, the imposition of conditions on his continued practice of law, alone, is not sufficient to afford protection of the public and the legal system from further misconduct on his part; the suspension of his license to practice law is required. We also impose conditions directed to his medical condition in order to promote his rehabilitation and to impress upon him the seriousness of his medical condition as it has affected his responsibilities to clients and the legal system.

IT IS ORDERED that the license of Attorney Carl R. Gruenwald to practice law in Wisconsin is suspended for a period of six months, commencing February 1, 1988.

IT IS FURTHER ORDERED that for a period of two years from the date of this order Attorney Carl R. Gruenwald shall comply with the following conditions, failing which his license to practice law shall be subject to further suspension:

(1) Abstinence from all prescription drugs other than or in amounts greater than that specifically prescribed for him by a physician.

(2) Random periodic urine testing at least bi-weekly for the presence of drugs, with reports thereof to be made to the Board of Attorneys Professional Responsibility at such times as the Board may direct.

(3) Upon reinstatement of his license, supervision of his practice of law by an attorney acceptable to the Board of Attorneys Professional Responsibility, with reports to be made by that supervising attorney to the Board quarterly concerning Attorney Gruenwald's professional responsibility in his practice.

IT IS FURTHER ORDERED that within one year of the date of this order Attorney Carl R. Gruenwald refund the retainer to the client as recommended by the referee.

IT IS FURTHER ORDERED that within one year of the date of this order Attorney Carl R. Gruenwald pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of Carl R. Gruenwald to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Carl R. Gruenwald comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.