IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Karl GRUNEWALD, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, Complainant,

v.

Karl GRUNEWALD, Respondent.

Supreme Court

*No. 00–1212–D. Filed October 26, 2000.*

**2000 WI 115**

(Also reported in 618 N.W.2d 188.)

¶ 1.  PER CURIAM.  We review the recommendation of the referee that the license of Attorney Karl Grunewald be suspended for one year as discipline for professional misconduct. That misconduct consisted of the following: (1) failing to act with reasonable diligence and promptness in client matters, (2) failing to keep clients informed of the status of those matters, comply with their reasonable requests for information, and explain matters to them to the extent reasonably necessary to permit them to make informed decisions regarding the representation, (3) revealing information relating to clients' representation without their consent, (4) making misrepresentations to clients, (5) failing to return client property upon termination of representation, and (6) failing to communicate to clients the basis of his fee. The referee also recommended that Attorney Grunewald be required to make restitution to the clients harmed by his misconduct and pay the costs of this proceeding.

¶ 2.  We determine that Attorney Grunewald's professional misconduct established in this proceeding warrants the suspension of his license to practice law for one year. This is the third time he will have been disciplined for misconduct. By his handling of client matters considered in the instant proceeding, as well as the nature of the misconduct itself, Attorney Grunewald has continued to demonstrate an inability or unwillingness to meet his professional responsibilities to those who retain him to represent them and their

interests and that serious discipline is necessary to protect other clients, the public, and the legal system from his continued failure to meet those responsibilities.

¶ 3. Attorney Grunewald was admitted to the practice of law in Wisconsin in 1976 and practices in Milwaukee. He has been disciplined twice previously for professional misconduct. The court suspended his license for six months in 1988 for neglect of four legal matters and failure to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation. *Disciplinary Proceedings Against Gruenwald*, 141 Wis. 2d 691, 416 N.W.2d 289. In December 1988, he consented to a private reprimand from the Board for his failure to file state and federal income tax returns. The referee in the instant proceeding, Attorney Stanley Hack, made findings of fact based on the Board's complaint, as Attorney Grunewald did not file an answer or otherwise appear in the proceeding.

¶ 4. In 1990, Attorney Grunewald was retained to pursue a claim regarding the restoration of an automobile, for which the clients gave him money to pay the fee for a jury trial. Attorney Grunewald did not file that lawsuit until 1992, and over the next five years the clients received little or no information from him in response to their numerous inquiries of him about its status. When he failed to follow the court's instructions to draft a pretrial order, the judge removed the case from the trial calendar and said it would be replaced on the calendar when the parties evidenced readiness for trial.

¶ 5. Attorney Grunewald billed the clients for a number of services asserted to have been performed from mid–1990 to November 1992, but there was no further action in the clients' matter until early 1998. At

some time prior to late 1997, Attorney Grunewald discussed the lawsuit with another attorney and provided her documents from the clients' file without their knowledge or consent. He misrepresented to that attorney that he had contacted the clients to obtain permission to transfer the matter to her.

¶ 6.   When that attorney appeared at Attorney Grunewald's request on behalf of the clients at a hearing in October 1997 on a motion to dismiss, without a substitution of counsel having been obtained, the court sanctioned the clients for Attorney Grunewald's failure to prosecute the lawsuit by precluding a jury trial, barring witnesses other than the parties themselves, and ordering the clients to pay the defendant's attorney fees. The clients were not present at the hearing and did not learn of the motion, the hearing, or the purported substitution of counsel until two weeks later, when Attorney Grunewald told them he was reducing his law practice and gave them an envelope with the name of an attorney who could handle their lawsuit. It was then the clients learned that the court had sanctioned them for Attorney Grunewald's failure to prosecute the action.

¶ 7.   Attorney Grunewald at first told the clients he would pay the defendant's attorney fees, but when he learned they were approximately $3400, he said that they were too high and agreed to pay only $1000. However, he never paid the clients any amount. The lawsuit ultimately was resolved, but the resolution reduced the clients' recovery by $3000 — the amount agreed upon as the defendant's attorney fees.

¶ 8.   Attorney Grunewald and his clients never agreed to a method by which his fees for representing them in their lawsuit would be calculated. After the clients filed a grievance with the Board in August 1998,

he sent them 10 separate bills, all dated October 6, 1998, covering a variety of matters and listing services dating back to 1990. None of those bills, which totaled $27,300, previously had been sent to the clients, and Attorney Grunewald never had requested payment of them previously.

¶ 9. Attorney Grunewald had been preparing income tax returns for those same clients since 1989, and they retained him to complete their 1994 and 1995 state and federal personal and corporate returns. Attorney Grunewald did not respond to most of their numerous telephone and written requests for information regarding the status of those tax returns. At times, he told them that they were almost finished and could be picked up or that he would be sending them to the clients. However, he never provided completed tax returns, nor did he complete those returns, despite many promises to do so and excuses for not doing so.

¶ 10. The clients hired a certified public accountant in November 1997 to prepare those returns, and they and the accountant made numerous requests to Attorney Grunewald for his file in the matter. Notwithstanding his representation to the accountant in early 1998 that he had the returns almost completed, when he delivered the file September 8, 1998, it contained no returns that were even partially completed. As a result of Attorney Grunewald's failure to complete the returns timely, the clients were penalized $9799 by the federal and state tax authorities.

¶ 11. Based on the foregoing facts, the referee concluded that Attorney Grunewald engaged in the following professional misconduct:

> (a) His doing almost nothing on the clients' claim and the lawsuit he commenced on their behalf for five years constituted a failure to act with rea-

sonable diligence and promptness, in violation of SCR 20:1.3.[1]

(b) His failure to provide the clients with information regarding that lawsuit and respond to their letters and phone calls violated SCR 20:1.4(a).[2]

(c) His failure to keep the clients informed about his fees to represent them in the matter, the progress of the lawsuit, substitution of counsel in it, motions, and the court's sanction constituted a failure to explain the matter to the extent reasonably necessary to permit the clients to make informed decisions regarding the representation, in violation of SCR 20:1.4(b).[3]

(d) Providing information regarding the representation to other counsel without the knowledge or consent of his clients violated SCR 20:1.6(a).[4]

---

[1] SCR 20:1.3 provides:

**Diligence.**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4(a) provides:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3] SCR 20:1.4(b) provides:

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[4] SCR 20:1.6(a) provides:

(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b), (c) and (d).

(e)   His misrepresentations to successor counsel about having secured the clients' consent to substitution and making misrepresentations to the clients about the status of the lawsuit violated SCR 20:8.4(c).[5]

(f)   His failure to complete the clients' income tax returns violated SCR 20:1.3.

(g)   His failure to answer letters and phone calls from the clients and their accountant regarding the tax returns violated SCR 20:1.4(a).

(h)   His misrepresentations to the clients regarding the status of the preparation and completion of the tax returns violated SCR 20:8.4(c).

(i)   His failure to return the income tax information and files to the clients upon their request violated SCR 20:1.16(d).[6]

(j)   His failure to communicate to the clients the basis for his fees in advance of performing services violated SCR 20:1.5(b).[7]

---

[5] SCR 20:8.4(c) provides:

It is professional misconduct for a lawyer to:
(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[6] SCR 20:1.16(d) provides:

(d)   Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[7] SCR 20:1.5(b) provides:

(b)   When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client,

887

¶ 12.  As discipline for that misconduct, the referee recommended a one-year license suspension, as the Board had proposed. He recommended further that Attorney Grunewald be required to make restitution in specified amounts to the clients harmed by his misconduct and that he be required to pay the costs of this proceeding.

¶ 13.  IT IS ORDERED that the license of Karl Grunewald to practice law in Wisconsin is suspended for one year, commencing November 30, 2000, as discipline for professional misconduct.

¶ 14.  IT IS FURTHER ORDERED that within 60 days of the date of this order, Karl Grunewald make restitution to his former clients as specified in the report of the referee filed in this proceeding.

¶ 15.  IT IS FURTHER ORDERED that within 60 days of the date of this order, Karl Grunewald pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Karl Grunewald to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 16.  IT IS FURTHER ORDERED that Karl Grunewald comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

preferably in writing, before or within a reasonable time after commencing the representation.