IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Daniel P. FAY, Attorney at Law.

Supreme Court

*No. 84–168–D. Filed April 9, 1985.*
(Also reported in 365 N.W.2d 13.)

Amicus curiae brief by *Andrew L. Somers, Larry I. Hanson, Robert B. McConnell, William T. Read* and *Robert D. Sundby,* all of Madison, for Lawyers Concerned for Lawyers, Inc.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended, with suspension stayed for two years pending compliance with conditions on continued practice of law.*

The referee in this disciplinary proceeding recommended the imposition of a public reprimand on Attorney Fay for having failed to pursue postconviction rem-

edies on behalf of a client and for having made misrepresentations concerning the matter. The referee also recommended that Attorney Fay be required to pay the costs of this disciplinary proceeding. Alternatively, the referee recommended that, if the court determines that a suspension of Attorney Fay's license is appropriate discipline, a suspension not exceed 60 days. These recommendations were based on the referee's findings that Attorney Fay's unprofessional conduct was precipitated by alcoholism, rather than by an intent to injure his client, and that he is rehabilitated from alcoholism. We conclude that a 60-day suspension of Attorney Fay's license is appropriate discipline for his misconduct, but because the record establishes Attorney Fay's successful rehabilitation from alcoholism for a substantial period of time, in this case more than two years, we stay that suspension and impose conditions on Attorney Fay's continued practice of law in order to ensure his continued rehabilitation and to protect the public from further misconduct resulting from his alcoholism.

Attorney Fay was admitted to practice in Wisconsin in 1977, and practices in Pewaukee. On April 20, 1982, he received a private reprimand from the Board of Attorneys Professional Responsibility (Board) as a result of his neglect of a probate matter and his failure to transfer a vehicle title, to complete tax returns and to apply for a refund of overpaid taxes in the estate for over two years.

In September, 1981, Attorney Fay was appointed by the state public defender to represent a man convicted of second-degree sexual assault at sentencing and to bring postconviction motions on his behalf. Attorney Fay's client was sentenced to five years' imprisonment on October 30, 1981, and began serving his sentence immediately. Attorney Fay did not file any postconviction motions, although he told the client's trial counsel on

several occasions that he had done so and was awaiting a hearing date. When trial counsel learned that no motion papers had been filed, Attorney Fay gave him the name of the person in the court clerk's office with whom he claimed to have left the motion papers. Attorney Fay allowed the statutory period for seeking postconviction relief to expire without filing any motions on his client's behalf, and he ultimately admitted to trial counsel that he had never attempted to file any motions, notwithstanding his belief that the client had a viable appeal issue.

The court of appeals granted the client an extension of time to file postconviction motions, specifically because of Attorney Fay's neglect of the case assigned to him. The circuit court granted the client a new trial, and he was immediately released from custody after having served approximately 15 months. The order granting a new trial is now on appeal. Attorney Fay settled the client's negligence claim against him by paying $7,000.

The parties stipulated to the facts, and the referee concluded that Attorney Fay neglected his client's legal matter, in violation of SCR 20.32(3), and that he engaged in conduct involving misrepresentation, in violation of SCR 20.04(4). The only issue in the disciplinary proceeding was what constitutes appropriate discipline for that misconduct. Based on the referee's findings that Attorney Fay's misconduct was caused by alcoholism and that he undertook alcoholism rehabilitation in the fall of 1982 and has abstained from alcohol since that time, the referee recommended a "severe" reprimand as appropriate discipline. The referee did not recommend the imposition of any conditions on Attorney Fay's continued practice of law.

We ordered the parties to show cause why the court should not impose a suspension on Attorney Fay's license to practice law and stay that suspension subject to his

compliance with conditions designed to ensure his continued rehabilitation from alcoholism. We invited Lawyers Concerned for Lawyers, a voluntary association dedicated to assisting recovering alcoholic or chemically dependent attorneys, to file an *amicus curiae* brief on the issue of appropriate discipline in this matter.

Attorney Fay took the position that no discipline is warranted under the circumstances of his case because he was suffering from a medical incapacity, alcoholism, at the time of his misconduct. He also argued that the court's decision in this proceeding should not be published on the grounds that a disease was involved, it was a matter of a "purely personal nature," and publication would deter other attorneys from coming forward for alcoholism treatment. We find these arguments without merit. Notwithstanding that alcoholism is considered a disease, it does not afford a defense to charges of unprofessional conduct, *Disciplinary Proceedings Against Swartwout,* 116 Wis. 2d 380, 383, 342 N.W. 2d 406 (1984) ; rather, in appropriate cases it will be considered a factor in mitigation of the severity of discipline to be imposed for misconduct, *Disciplinary Proceedings Against Wood,* 122 Wis. 2d 610, 617, 363 N.W.2d 220 (1985).

The Board argued that Attorney Fay's misconduct warrants a suspension of his license for the reason that it resulted in his client's continued incarceration for a period of several months, as well as lost wages of approximately $15,000. The Board contended that a stayed suspension would, in effect, treat alcoholism as a defense to serious misconduct. Further, the Board argued, it would consider only one of the purposes of discipline, attorney rehabilitation, and would ignore the other purposes, namely, protection of the public and deterrence of other attorneys from engaging in like misconduct.

Lawyers Concerned for Lawyers (LCL) took the position that a stayed suspension of Attorney Fay's license would be appropriate in light of the fact that Attorney Fay has "recovered" from alcoholism for more than two years and that conditions should be imposed on his practice in order to ensure his continued rehabilitation from alcoholism. This, LCL argued, would accommodate two of the three purposes of lawyer discipline, protection of the public and rehabilitation of the attorney. LCL contended that the third purpose of attorney discipline, deterrence, cannot be accommodated in a proceeding in which the attorney's misconduct is found to have been caused by alcoholism for the reason that alcoholism, as a disease, cannot be deterred by the threat of discipline. LCL argued that discipline of a recovered alcoholic attorney might well deter other alcoholic attorneys from admitting their disease and from seeking treatment.

We accept the referee's findings of fact and conclusions of law concerning Attorney Fay's misconduct, but in light of the findings that the misconduct was caused by alcoholism and that Attorney Fay has been successfully rehabilitated from alcoholism for more than two years, we find this an appropriate case in which to impose a stayed suspension and conditions on the continued practice of law. *Disciplinary Proceedings Against Wood, supra,* p. 618. We modify the recommendation for discipline accordingly.

Because of the seriousness of the misconduct, especially in terms of the harm it caused Attorney Fay's client, we determine that a 60-day suspension of Attorney Fay's license to practice law in Wisconsin is appropriate discipline, and we stay that suspension for two years and impose on Attorney Fay's continued practice of law conditions designed to ensure his continued rehabilitation

from alcoholism. In the event Attorney Fay complies with those conditions for two years, our order of suspension will terminate; if he fails to comply with those conditions, we will rescind the stay of the suspension and impose a 60-day suspension of his license.

IT IS ORDERED that the license of Attorney Daniel P. Fay to practice law in Wisconsin is suspended for a period of 60 days, and that the suspension is stayed pending his compliance with the following conditions:

1. Attorney Fay shall maintain active participation in Alcoholics Anonymous and Lawyers Concerned for Lawyers, attending at least one meeting of either group per week.

2. Attorney Fay shall designate a member of the state bar satisfactory to the Board of Attorneys Professional Responsibility, who shall report to the Board quarterly during the next two years that Attorney Fay is maintaining an acceptable level of professional responsibility.

3. Attorney Fay shall provide the Board with quarterly reports from a qualified chemical dependency treatment agency or counsellor that he is maintaining a satisfactory recovery program.

4. Every six months for the next two years Attorney Fay shall have a medical examination by a physician acceptable to the Board, the reports of which shall be submitted to the Board and shall specifically address Attorney Fay's rehabilitation from alcoholism.

IT IS FURTHER ORDERED that, upon satisfactory proof that Attorney Fay has failed to comply with these conditions during the two-year period commencing the date of this order, the court shall rescind the stay of the suspension and forthwith suspend Attorney Fay's license to practice law in Wisconsin for 60 days.

IT IS FURTHER ORDERED that within six months of the date of this order Attorney Daniel P. Fay pay to the

Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $2,069.74, provided that if the costs are not paid within the time specified and absent a showing by Attorney Fay of his inability to pay those costs within that time, the license of Attorney Daniel P. Fay to practice law in Wisconsin shall be suspended until further order of the court.