IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Ann CAHILL, Attorney at Law.

Supreme Court

*No. 97–2957–D. Filed June 24, 1998.*

(Also reported in 579 N.W.2d 231.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Ann Cahill to practice law in Wisconsin be suspended for six months and that conditions directed to her rehabilitation from alcoholism be imposed on that license for two years following reinstatement as discipline for her misconduct. That misconduct led to numerous criminal

violations, for which she has served time in jail and has been placed on probation and fined. We determine that the recommended discipline is appropriate for the misconduct established in this proceeding.

¶ 2. Attorney Cahill was admitted to practice law in Wisconsin in 1992 and began practicing in 1996. She currently practices in Oshkosh. She has not been the subject of a prior disciplinary proceeding. Based on the stipulation of the parties and Attorney Cahill's admissions in her answer to the complaint of the Board of Attorneys Professional Responsibility (Board), the referee, Attorney John E. Shannon, Jr., made findings of fact and conclusions of law as follows.

¶ 3. During the 16-month period from August, 1995 to December, 1996, Attorney Cahill engaged in conduct that led to the following misdemeanor convictions: two counts of fraud of a hotel innkeeper, for which she was sentenced to one year's probation and ordered to pay $1300 restitution; second and third offenses of operating a motor vehicle while intoxicated, for which she was fined, her driving privileges were revoked, and she was sentenced to 20 days and 60 days in jail, respectively; two counts of issuing worthless checks, for which she was placed on 36 months' probation and ordered to pay $950 restitution; one count of issuing worthless check, for which she was placed on one year's probation and ordered to pay $882.02 restitution; one count of disorderly conduct, which involved her violent reaction to alcohol. Attorney Cahill has made all restitution as ordered, and her probation ended September 22, 1997.

¶ 4. The referee concluded that by her convictions of fraud of an innkeeper, OWI, issuance of worthless checks, and disorderly conduct, Attorney Cahill has committed acts that reflect adversely on her

honesty, trustworthiness, or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b). He also concluded that her issuance of worthless checks and fraud of an innkeeper convictions constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).

¶ 5. The referee found further that Attorney Cahill suffers from alcoholism and that her OWI and disorderly conduct convictions were causally related to it. She has been abstaining from alcohol since July 5, 1997, and at the time of the disciplinary hearing, she was pursuing treatment for her alcoholism. The referee concluded that Attorney Cahill has a medical incapacity, as defined in SCR 22.01(12),[1] and that her right to practice law should be made subject to the conditions directed to her continued treatment for alcoholism to which she and the Board had stipulated.

¶ 6. The referee also recommended that Attorney Cahill's license to practice law be suspended for six months as discipline for the misconduct for which her alcoholism was not considered a mitigating factor, namely, three convictions for issuing worthless checks and a theft offense that had been dismissed by the prosecutor but read in for purposes of sentencing on two worthless check charges. In addition, the referee recommended that Attorney Cahill be required to pay the costs of this proceeding.

---

[1] SCR 22.01(12) provides:

**Definitions.**

. . .

(12) "Medical Incapacity" means the inability of an attorney to practice law because of a physical, mental, emotional, social or behavioral condition that is recognized by experts in medicine or psychology as a principal factor which substantially prevents the attorney from performing his or her profession to acceptable professional standards.

¶ 7. We adopt the referee's findings of fact and conclusions of law and determine that the recommended six-month license suspension and the imposition of the stipulated conditions related to her alcoholism constitute the appropriate disciplinary response to her misconduct. As noted by the referee, none of the offenses of which she was convicted involved a client of Attorney Cahill or her conduct as a lawyer.

¶ 8. IT IS ORDERED that the license of Ann Cahill to practice law in Wisconsin is suspended for a period of six months, commencing August 10, 1998.

¶ 9. IT IS FURTHER ORDERED that for a period of two years following reinstatement of her license, Attorney Cahill shall comply with the conditions specified in the stipulation on file in this proceeding.

¶ 10. IT IS FURTHER ORDERED that within 60 days of the date of this order, Ann Cahill pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Ann Cahill to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 11. IT IS FURTHER ORDERED that Ann Cahill comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.