In the Matter of Disciplinary Proceedings Against
Warren L. Brandt, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Warren L. Brandt, Respondent.

Supreme Court

*No. 02–1525–D. Decided October 30, 2003.*

2003 WI 138

(Also reported in 670 N.W.2d 552.)

¶ 1. PER CURIAM.   We review the recommendation of the referee that Attorney Warren L. Brandt be publicly reprimanded for professional misconduct. That misconduct consisted of failing to keep a client reasonably informed about the status of a matter and failing to promptly comply with reasonable requests for information; failing to cooperate with the investigation into a grievance filed by his client; making false or misleading communications about himself and his services; and failing to identify on his office letterhead the jurisdictional limitation of an attorney not licensed to practice law in Wisconsin, who is listed as being "of counsel." Neither Attorney Brandt nor the Office of Lawyer Regulation (OLR) has appealed from the referee's findings of fact, conclusions of law, and recommended discipline.

¶ 2.   We conclude that Attorney Brandt's professional misconduct warrants a public reprimand for his violation of various supreme court rules. We also determine that Attorney Brandt shall pay the costs and fees for these disciplinary proceedings totaling $9694.19.

¶ 3.  Attorney Brandt was admitted to practice law in this state in 1978 and currently practices in Prescott, Wisconsin. He has not previously been the subject of a disciplinary proceeding.

¶ 4.  The amended disciplinary complaint filed against Attorney Brandt alleged four counts of misconduct. The first involved the grievance filed by Attorney Brandt's former client, T.K., who had retained him in December of 1998 to recover money her credit union had confiscated from her account as consequence of an alleged forgery. T.K. made an appointment to meet with Attorney Brandt after seeing his advertisement in the yellow pages of a local telephone directory. She paid him a $1500 retainer fee and signed a legal representation agreement.

¶ 5.  After being rebuffed in his initial contact with the credit union that T.K. believed had wrongly retained her money, Attorney Brandt did nothing else on her behalf.

¶ 6.  Beginning in March of 1999 T.K. repeatedly called Attorney Brandt to ask about the status of her case; he never returned her calls. According to T.K. she never spoke with Attorney Brandt at all from March 1999 through January of 2000. Ultimately, she spoke with Attorney Brandt by telephone in April of 2000 at which time he told her that he had done some research and that she did not have a claim against the credit union.

¶ 7.  In June 2000 T.K. filed a grievance against Attorney Brandt with the Board of Attorneys Professional Responsibility (BAPR).[1] A staff investigator sub-

<hr>

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases

sequently wrote two letters to Attorney Brandt requesting his written response to T.K.'s grievance. Attorney Brandt did not respond to the two letters. In November of 2000, while the Office of Lawyer Regulation's (OLR) investigation into the grievance was pending, Attorney Brandt returned to T.K. the $1500 retainer fee she had paid and the documents she had given him.

¶ 8. During the OLR's investigation, it was discovered that Attorney Brandt had placed advertisements in the local telephone directories for the years 1996–97, 1997–98, and 1998–99. Those advertisements were entitled "Brandt & Associates" with the name "Warren Lee Brandt, Esquire" appearing in italics beneath the name of the firm. The advertisements also contained the phrases "Former District Attorney*s* Pierce & St. Croix Counties," "Aggressive Trial Lawyer*s*," and "Experienced Criminal Defense Attorney*s*." (Emphasis added.) These advertisements used plurals even though Attorney Brandt had been a sole practitioner since July 1996.

¶ 9. The OLR investigation further revealed that the office stationery letterhead used by Attorney Brandt in his practice during this period until May of 2000, identified one Joseph B. Marshall as being "of counsel" to Attorney Brandt's firm. During the time Attorney Brandt used this letterhead, Joseph Marshall was licensed to practice law in Minnesota but not in Wisconsin. Attorney Brandt's stationery letterhead did not note that fact.

---

involving attorney misconduct was changed to the Office of Lawyer Regulation and the supreme court rules applicable to the lawyer regulation system were also revised. All of the events alleged in the OLR's four counts of misconduct in its disciplinary complaint occurred before the lawyer regulation system was restructured.

50

¶ 10. The OLR misconduct complaint alleged the following four counts of misconduct by Attorney Brandt in violation of several rules of professional responsibility.

- By making only four calls to his client, T.K., during the one and one-half years he represented her, and by failing to respond to her inquiries and communicate with her, Attorney Brandt violated SCR 20:1.4(a) which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.[2]

- By failing to respond to two requests from the Board of Attorneys Professional Responsibility staff to respond to the T.K. grievance, Attorney Brandt violated former SCR 21.03(4) and SCR 22.07(2).[3]

- By placing advertisements in the 1996–97, 1997–98, and 1998–99 telephone directories suggesting that his firm included attorneys who were former district attorneys in two counties, aggressive trial lawyers, and experienced criminal defense attorneys, when in fact Attorney Brandt was the only attorney in his firm, Attorney Brandt violated SCR 20:7.1(a) which provides that a lawyer shall not make a false or

[2] As noted all of the events alleged in the misconduct complaint occurred before the restructuring of the lawyer regulation system effective October 1, 2000. Supreme Court Rule 20:1.4(a) was not affected by that restructuring and currently remains the same as it was during the time Attorney Brandt represented T.K.

[3] Former SCR 21.03(4) has been recreated and as modified now is found as SCR 21.15(4). Former SCR 22.07(2) now appears in substantially the same form as SCR 22.03(2).

misleading communication about the lawyer or the lawyer's services.[4]

- By listing a lawyer as being "of counsel" on Attorney Brandt's letterhead stationery without identifying the jurisdictional limitation on the lawyer, who is not licensed to practice in Wisconsin, where Attorney Brandt's office is located, Attorney Brandt violated SCR 20:7.5(a); by failing to identify on his letterhead the jurisdictional limitation of an attorney not licensed to practice law in Wisconsin, Attorney Brandt violated SCR 20:7.5(b); and by falsely stating or implying that he practices in a partnership or other type of organization, Attorney Brandt violated SCR 20:7.5(d).[5]

¶ 11. After the OLR's complaint was filed and Attorney Brandt filed his answer, Attorney Janet Jenkins was appointed as referee in this matter. Referee Jenkins subsequently granted summary judgment in favor of the OLR with respect to several counts of misconduct that had been alleged. After hearing testimony on the remaining issues, the referee determined that Attorney Brandt had violated the various rules of professional conduct as alleged in the amended complaint.

¶ 12. We have reviewed the referee's findings of fact, conclusions of law, and recommendation for discipline. We conclude that the findings are supported by clear, satisfactory, and convincing evidence as required by SCR 22.16(5). Accordingly, we adopt those findings of fact and conclusions set forth in the referee's report and

---

[4] SCR 20:7.1(a) remains the same.

[5] All of the provisions in SCR 20:7.5(a), (b), and (d), currently remain the same.

we accept the referee's recommendation that Attorney Brandt's professional misconduct warrants a public reprimand.

¶ 13. In addition, we conclude pursuant to our authority in SCR 22.24, that all the costs and fees incurred in this disciplinary proceeding shall be assessed against Attorney Brandt. We have reviewed the OLR's detailed itemization of its requested costs and fees and we conclude that under the circumstances of this case, those costs and fees totaling $9694.19 are reasonable. We believe those reasonable costs and fees should be borne by the attorney whose misconduct prompted the BAPR/OLR investigation which ultimately resulted in the referee's adverse determinations following an evidentiary hearing. *See In re Disciplinary Proceedings Against Pangman,* 216 Wis. 2d 440, 574 N.W.2d 232 (1998).[6]

¶ 14. We conclude that a public reprimand and requiring Attorney Brandt to bear the costs and fees of this disciplinary proceeding is an appropriate discipline for his professional misconduct.

¶ 15. IT IS ORDERED that Attorney Warren L. Brandt is publicly reprimanded for his professional misconduct.

¶ 16. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Warren L.

---

[6] We reject Attorney Brandt's objection to the OLR's statement of costs and fees. We also reject his suggestion that the issue of whether these are reasonable costs and fees should be submitted to mediation. We find nothing in the supreme court rules indicating that mediation is available to resolve a dispute over the reasonableness of the costs and fees assessed against a respondent in a disciplinary proceeding.

Brandt pay to the Office of Lawyer Regulation the costs and fees incurred in this proceeding totaling $9694.19.