In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Warren Lee BRANDT, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Appellant,

v.

Warren Lee BRANDT, Respondent-Respondent.

Supreme Court

*No. 2007AP187–D. Oral argument December 2, 2008.
—Decided June 9, 2009.*

2009 WI 43

(Also reported in 766 N.W.2d 194.)

266

For the complainant-appellant there were briefs filed by *Robert G. Krohn* and *Roethe Krohn Pope LLP,* Edgerton, and oral argument by *Robert G. Krohn.*

For the respondent-respondent there was a brief by *Warren Lee Brandt* and *Brandt Law Office S.C.,* Prescott, and oral argument by *Warren Lee Brandt.*

¶ 1. PER CURIAM. The Office of Lawyer Regulation (OLR) has appealed a referee's report concluding that Attorney Warren Lee Brandt's multiple convictions for operating a motor vehicle while intoxicated did not represent a violation of former SCR 20:8.4(b).[1] The referee found that Attorney Brandt did violate former

---

[1] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S. Ct. Order 04–07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06–04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:8.4(b) provided that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

SCR 20:5.3(b)[2] by failing to adequately supervise an employee. Attorney Brandt has not appealed that conclusion. The referee recommended that Attorney Brandt be publicly reprimanded for violating former SCR 20:5.3(b). The OLR sought a 60–day suspension.

¶ 2. The OLR's appeal raises two issues: (1) whether multiple convictions for operating a motor vehicle while intoxicated represent a violation of former SCR 20:8.4(b), and (2) what is the appropriate sanction to impose in this case?

¶ 3. We conclude that the facts of this case support the conclusion that Attorney Brandt's multiple OWI convictions do represent a violation of former SCR 20:8.4(b). Nevertheless, we conclude that a public reprimand is the appropriate sanction. We also conclude that the full costs of the proceeding, which total $13,690.90 as of December 10, 2008, should be assessed against Attorney Brandt.

¶ 4. Attorney Brandt was admitted to practice law in Wisconsin in 1978 and practices in Prescott.

¶ 5. In 1994 Attorney Brandt consented to the imposition of a private reprimand for using information relating to one client to the disadvantage of that client in a later divorce action, and failing to obtain the consent of his former clients prior to questioning one of them in open court during a subsequent divorce case.

¶ 6. In 2003 Attorney Brandt received a public reprimand for failing to keep a client reasonably informed about the status of a matter and failing to

---

[2] Former SCR 20:5.3(b) stated that, with respect to a nonlawyer employed or retained by or associated with a lawyer, "[a] lawyer having direct supervisory authority over the non-lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; . . . ."

promptly comply with reasonable requests for information; failing to cooperate with the investigation; making false or misleading communications about himself and his services; and failing to identify on his office letterhead the jurisdictional limitation of an attorney not licensed to practice law in Wisconsin who was listed as being "of counsel." *See In re Disciplinary Proceedings Against Brandt,* 2003 WI 138, 266 Wis. 2d 47, 670 N.W.2d 552.

¶ 7. In 2004 a referee imposed a consensual private reprimand on Attorney Brandt for failing to provide competent representation in connection with representation of clients in a civil dispute relating to property damage and failing to return the clients' file after the clients requested he do so.

¶ 8. On January 24, 2007, the OLR filed a complaint alleging two counts of misconduct against Attorney Brandt. Count 1 involved conduct by Attorney Brandt's legal secretary, Mindi Larson, and his failure to properly supervise her. Attorney Brandt hired Larson in September of 1998. She continued to work for him until September 2004 when he terminated her employment. While employed by Attorney Brandt, Larson performed all bookkeeping in the office and had signatory authority on Attorney Brandt's trust account as well as his business checking account. Attorney Brandt delegated to Larson the responsibility to maintain ledgers and client sheets and receive bank account statements.

¶ 9. On June 30, 2004, there was an overdraft in Attorney Brandt's trust account at M&I Bank. M&I Bank forwarded notice of the overdraft to the OLR that same day. As a result of that notice, the OLR communicated with the Brandt Law Office. It also subpoenaed records for Attorney Brandt's trust and business ac-

counts from M&I Bank. OLR staff audited Attorney Brandt's trust account for a period of time between December 1, 2002, and December 31, 2004. A review of the canceled trust account checks revealed that Larson issued and signed most of the checks that were disbursed from the trust account during that period. As a result of the trust account audit, the OLR discovered a number of irregularities in various client matters. The improprieties included conversions, use of trust account money to pay overdrafts in the business account, use of trust account funds belonging to one client to cover checks disbursed to another client, and other irregularities.

¶ 10. In the summer of 2004 a former Prescott police officer contacted Attorney Brandt and advised him that Larson was stealing from him. Attorney Brandt confronted Larson with the information, and she denied the allegation. Attorney Brandt apparently chose to believe Larson.

¶ 11. On September 10, 2004, Larson informed Attorney Brandt that she "had engaged in unauthorized activities" with respect to his business account, but she assured Attorney Brandt that the trust account was "in all respects uncompromised."

¶ 12. On September 13, 2004, the manager of Attorney Brandt's bank told him that his business account was overdrawn and demanded payment of between $50,000 and $70,000 in overdrafts. Attorney Brandt terminated Larson's authority to sign trust account checks on September 14, 2004. He terminated her employment on September 16, 2004. Attorney Brandt subsequently obtained copies of business account records and determined that between April 2003 and September 2004, Larson had converted approxi-

mately $104,000 from his accounts to her own use. No client lost money as the result of Larson's embezzlement.

¶ 13. The OLR's complaint alleged that Attorney Brandt took no or insufficient steps to ensure that Larson was properly managing his client trust account, and took no or insufficient steps to ensure that she carried out her delegated authority in a manner that was compatible with an attorney's professional obligations. The complaint alleged that Attorney Brandt failed to regularly review monthly bank statements for either his trust account or his business account.

¶ 14. The OLR's complaint also alleged that by failing to periodically review his trust account bank statements, canceled checks, and other records in connection with his nonlawyer employee's management of that account, thereby enabling Larson to convert funds belonging to clients and third parties, Attorney Brandt failed to make a reasonable effort to ensure that Larson's conduct was compatible with the professional obligations of a lawyer, as required by former SCR 20:5.3(b).

¶ 15. The second count of misconduct alleged in the OLR's complaint involved Attorney Brandt's multiple convictions for drunk driving. The complaint alleged that on February 23, 2005, Attorney Brandt was charged with operating a motor vehicle while under the influence (OWI) (third offense) and operating a motor vehicle with a prohibited alcohol concentration of .08 or more (third offense), stemming from an incident that occurred on February 2, 2005. The complaint also alleged that on April 26, 2005, Attorney Brandt was charged with OWI (third offense) and operating a motor vehicle with a prohibited alcohol concentration of .08 or more (third offense). Those charges stemmed from an

272

incident on March 14, 2005. On June 16, 2006, the OWI (third offense) charge from the February 2, 2005, incident was amended to a charge of OWI (fourth offense).

¶ 16. The OLR's complaint alleged that on June 16, 2006, Attorney Brandt pled no contest to and was adjudged guilty of OWI (third offense) and OWI (fourth offense). The prohibited alcohol concentration charges in both cases were dismissed.

¶ 17. The OLR's complaint further alleged that on August 24, 2006, Attorney Brandt signed a petition to plead guilty to a third offense drunk driving charge in Minnesota stemming from an incident that occurred on October 6, 2003. He was subsequently convicted in the Minnesota case.

¶ 18. Attorney Brandt was sentenced for the third and fourth offense Wisconsin OWI matters on September 7, 2006. His sentence on the OWI (third offense) included 95 days in jail, with Huber privileges allowed after the first 48 hours, and the revocation of his driver's license for 27 months. His sentence on the OWI (fourth offense) included 185 days in jail with Huber privileges, and revocation of his driver's license for 36 months. The jail sentences and revocations on the two OWI offenses were ordered to run concurrently.

¶ 19. The OLR's complaint also alleged that on April 25, 2005, Attorney Brandt was charged with resisting or obstructing an officer. The charge stemmed from a March 14, 2005, incident. That charge was later dismissed.

¶ 20. The OLR's complaint alleged that by engaging in conduct that resulted in his criminal convictions for OWI (third offense) and OWI (fourth offense) in Wisconsin, and resulted in his being charged in Wisconsin with resisting or obstructing an officer, as well as being convicted in Minnesota of third offense drunk

driving, Attorney Brandt engaged in conduct reflecting adversely upon his honesty, trustworthiness or fitness as a lawyer in other respects, in violation of former SCR 20:8.4(b).

¶ 21. The OLR sought a 60–day suspension of Attorney Brandt's license to practice law in Wisconsin, and asked that he be ordered to comply with conditions relating to his alcohol issues and treatment.

¶ 22. Attorney Brandt filed an answer to the OLR's complaint on February 23, 2007. He admitted the OWI charges but denied his conduct violated former SCR 20:8.4(b). As to the allegations that he failed to supervise Larson, Attorney Brandt denied, at paragraph 9 of his answer, that he "took no steps to ensure that Larson was properly managing his client trust account and took no steps to ensure that Larson carried out her delegated authority in a manner that was compatible with an attorney's professional obligations. . . ."

¶ 23. Paragraph 21 of the OLR's complaint alleged:

> By failing to periodically review his trust account bank statements, canceled checks, and other records in connection with his non-lawyer employee's management of that account, thereby enabling that employee to convert or continue to convert funds belonging to clients and third parties, [Attorney Brandt] failed to make a reasonable effort to ensure that his assistant's conduct was compatible with the professional obligations of a lawyer, as required by SCR 20:5.3(b).

¶ 24. Attorney Brandt's answer stated:

> Paragraph 21 is denied, but however the Respondent admits he failed in making reasonable efforts to

ensure that his assistant's conduct was compatible with the professional obligations of lawyers required by SCR 20:5.3(b).

¶ 25. Larson was criminally prosecuted for her actions and entered a guilty plea to a class G felony of embezzlement. She was sentenced to five years of probation with one year in the county jail.

¶ 26. The Honorable Timothy L. Vocke was appointed referee on June 12, 2007. A hearing before the referee was held on December 3, 2007. The witnesses at the hearing were Attorney Brandt, Larson, and Mary Smith, the OLR's trust account program administrator.

¶ 27. The referee issued his report and recommendation on December 26, 2007.

¶ 28. In discussing the credibility of the three witnesses who testified at the hearing, the referee said,

> Mindi Larson is a liar, she's manipulative, she's dishonest, she abused trust in this case, and today she really didn't want to talk about some of the details. ... But the bottom line is she is a convicted criminal, and the respondent in this case, Mr. Brandt, is the victim of her criminal activity.

The referee found Ms. Smith to be "an extremely credible and competent witness." As to Attorney Brandt's credibility, the referee stated:

> I believe he's honest. I also believe he's careless, which is part of why he's here. I found his testimony believable. When he said he never saw the letters from Keith Sellen, I found that to be credible testimony. I think that Mindi Larson did nick those letters, as he mentioned. When Mr. Brandt was talking about the DUI charge, he was extremely focused on the issues and responsive; not so much when he was talking about the trust account violations, however. I think he was more

focused upon portraying himself as a victim, and he has every right to do that, and he was intent upon showing that none of his clients were injured, and I can understand that motivation, as well; but the problem is that he's a licensed attorney, and, therefore, much like a captain of a ship, he is responsible for what goes on on his watch.

¶ 29. As to Count 1 of the OLR's complaint, the referee found that during the time Larson worked for Attorney Brandt, he took no or insufficient steps to ensure that she was properly managing the trust and business accounts, and took no or insufficient steps to ensure that she carried out her delegated authority in a manner that was compatible with Attorney Brandt's professional obligations. The referee found Attorney Brandt should not have allowed Larson to make deposits and should not have allowed her to sign checks. The referee said:

It's clear that he was a victim of somebody who lied, cheated, covered up, and stole from him; and yet as Mary Smith said, what she, Mindi Larson, was doing was glaringly obvious for anybody that had their eyes open. Basically, the respondent chose to ignore it.

¶ 30. The referee concluded that by failing to periodically review his trust account bank records, canceled checks, and other records in connection with Larson's management of the account and thereby enabling Larson to convert and continue to convert funds belonging to clients and third parties, Attorney Brandt failed to make a reasonable effort to ensure that Larson's conduct was compatible with the professional obligations of a lawyer as required by former SCR 20:5.3(b).

¶ 31. As to Count 2 of the OLR's complaint, the referee concluded that the OWI offenses were situ-

276

ational in nature and were related to the stress of the OLR's investigation and the fact that Attorney Brandt had been a victim of Larson's criminal activity. The referee said:

> I do not think that simply being convicted of operating under the influence of an intoxicant, even multiple times, necessarily shows moral turpitude as that term is used in the ABA comment. There's no violence, no dishonesty, no breach of trust, nor serious interference with the administration of justice, and therefore, I do not believe that these convictions reflect adversely on Attorney Brandt's honesty, trustworthiness, or fitness as an attorney in other respects.

¶ 32. As to the appropriate sanction, the referee noted that the purpose of attorney discipline is both to protect the public and to convince a particular attorney not to engage in similar conduct in the future. The referee reasoned the fact that Attorney Brandt had lost a great deal of money due to Larson's embezzlement was a huge incentive for him not to make similar mistakes in the future since no attorney having suffered such a loss would put himself at financial risk again.

¶ 33. The referee noted that Attorney Brandt had previously received two private reprimands and one public reprimand, but the referee said none of the previous discipline was related to the allegations at issue in this case. The referee pointed to a number of mitigating factors including the fact that Attorney Brandt was the victim of a crime; his offense was one of omission rather than commission; no clients were adversely affected; he was cooperative with the OLR; he received no benefit from the violations he was charged with; and he was appropriately repentant and embar-

rassed. Based on these factors, the referee concluded that a public reprimand was an appropriate sanction.

¶ 34. The referee also recommended that the court impose conditions related to Attorney Brandt's consumption of alcohol and other drugs; that he be required to undergo another alcohol and drug assessment; that he hire an outside accountant to review his trust and business accounts at least quarterly, with the results of those audits being forwarded to the OLR for a period of three years; and that he be required to attend a trust account school sponsored by the OLR. The referee also recommended that Attorney Brandt be assessed the full costs and attorneys fees of the proceeding.

¶ 35. As noted above, the OLR has appealed. The OLR does not challenge the referee's findings of fact. Rather, it argues that the referee erroneously concluded that the OLR failed to meet its burden of proof as to Count 2 of the complaint, the alleged violation of former SCR 20:8.4(b). The OLR also argues that a 60–day suspension, rather than a public reprimand, is the appropriate discipline for Attorney Brandt's misconduct.

¶ 36. The OLR notes that former SCR 20:8.4(b) defined professional misconduct to include criminal acts that reflect adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. The OLR concedes that repetitive drunk driving convictions are not, per se, reflections on a lawyer's honesty. It also says that repetitive drunk driving convictions may or may not relate to a lawyer's trustworthiness. However, the OLR argues that multiple drunk driving convictions certainly relate to a lawyer's "fitness in other respects."

¶ 37. The OLR notes that this court imposed a 60–day suspension on an attorney who was convicted of

a variety of criminal offenses, including second and third drunk driving convictions. *See In re Disciplinary Proceedings Against Cahill,* 219 Wis. 2d 330, 579 N.W.2d 231 (1998). The OLR also notes that this court granted an attorney's petition for a consensual license revocation in a case involving a criminal conviction for homicide by intoxicated use of a vehicle. In granting the petition for consensual license revocation, this court concluded the attorney's conduct was contrary to former SCR 20:8.4(b). *See In re Disciplinary Proceedings Against Stearn,* 2004 WI 73, 272 Wis. 2d 141, 682 N.W.2d 326. The OLR also notes that this court has previously imposed both public and private reprimands based on repeated drunk driving convictions and in each of those cases, the convictions were determined to be violations of former SCR 20:8.4(b).

¶ 38. The OLR asserts that the referee's conclusion that Attorney Brandt's repeated operation of a motor vehicle while intoxicated was the product of stress and/or of being the victim of criminal activity is more properly viewed as a mitigating factor that is relevant as to the appropriate sanction and should not be viewed as a defense to the misconduct. The OLR says, "[t]he referee's sympathetic response to [Attorney Brandt's] professional dilemma is understandable, but his leniency is misplaced. . . . A de novo review of that erroneous conclusion of law should determine that [Attorney Brandt's] multiple criminal convictions represent this violation of [former] SCR 20:8.4(b)."

¶ 39. The OLR also argues that a 60-day suspension of Attorney Brandt's license to practice law is the appropriate sanction for his misconduct. The OLR notes that Attorney Brandt has previously received two private reprimands and one public reprimand, and it notes this court has traditionally endorsed the concept

of progressive discipline. While the OLR recognizes there was no evidence of any dishonesty on Attorney Brandt's part concerning his failure to supervise his employee, it says he was grossly negligent in the management of his trust account. As to the drunk driving convictions, the OLR says Attorney Brandt engaged in a clear pattern of continued illegal conduct.

¶ 40. Attorney Brandt argues that the referee appropriately concluded that his repeated drunk driving convictions did not constitute a violation of former SCR 20:8.4(b). He argues that intoxication and driving while impaired are usually associated with chemical dependency and/or loss of control due to impaired judgment and are not intentional wrongful acts involving moral turpitude. Attorney Brandt also argues that a public reprimand is an appropriate sanction for his failure to supervise Ms. Larson. Attorney Brandt has also filed an objection to the OLR's statements of costs, arguing that the number of hours billed by the OLR's outside counsel is excessive and outrageous.

¶ 41. This court will affirm a referee's findings of fact unless they are found to be clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Carroll*, 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. The appropriate level of discipline is determined given the particular facts of each case, independent of the referee's recommendation, but benefitting from it. *See In re Disciplinary Proceedings Against Widule*, 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 42. From our independent review of the record, we conclude that Attorney Brandt's multiple drunk driving convictions do constitute a violation of former

SCR 20:8.4(b). While it is true that no prior cases have held that an attorney who was convicted of drunk driving on more than one occasion automatically violates former SCR 20:8.4(b), and while it is also true that each case must be reviewed on the particular facts presented, Attorney Brandt has been convicted of drunk driving on five separate occasions. Based on that record, we agree with the OLR that Attorney Brandt's multiple OWI convictions demonstrate a pattern of misconduct that evinces a serious lack of respect for the law and as such relate to his "fitness as a lawyer in other respects." Attorneys are officers of the court and should be leaders in their communities and should set a good example for others. Driving while intoxicated is a very serious offense with the potential to cause great harm—or even death. *See Stearn,* 272 Wis. 2d 141. While it is indeed fortunate that Attorney Brandt did not injure anyone by his intoxicated driving, the fact that he repeatedly drove while intoxicated reflects adversely on his fitness as a lawyer and consequently constitutes a violation of former SCR 20:8.4(b).

■

¶ 43. The remaining issue raised by the OLR's appeal is the appropriate sanction to impose for Attorney Brandt's admitted misconduct in failing to supervise an employee and for repeatedly operating a motor vehicle while intoxicated. In determining the appropriate sanction, we agree with the OLR that many of the factors cited by the referee in support of his legal conclusion that Attorney Brandt's repeated drunk driving convictions did not constitute a violation of former SCR 20:8.4(b) are more appropriately viewed as mitigating factors that are relevant as to the sanction.

¶ 44. Attorney Brandt was a victim and lost a large sum of money due to Larson's embezzlement. He

has accepted responsibility for his failure to supervise his employee. He entered pleas to the drunk driving charges and served a significant jail sentence. He incurred substantial fines. He lost his driver's license and for a period of time was unable to obtain an occupational license. He undertook remedial action in early 2005 to address his drinking problem and sought treatment. He has informed the court that he has maintained complete sobriety since that time.

¶ 45. A significant amount of time has passed since the occurrence of the events that gave rise to this disciplinary proceeding. The misconduct at issue in this case occurred between 2003 and 2005. Since that time Attorney Brandt has taken positive steps to turn his life around and atone for his bad behavior. Attorney Brandt's multiple OWI convictions are a serious failing. In addition, he has been reprimanded on three prior occasions. The question of whether to impose a fourth reprimand or a suspension is a very close call. Based on the circumstances *of this case*, we conclude that a public reprimand, coupled with the conditions recommended by the referee, is an appropriate sanction for the two counts of misconduct alleged in the OLR's complaint.

¶ 46. Finally, we find it appropriate to assess the full costs of the proceeding against Attorney Brandt. While Attorney Brandt argues that the case was overlitigated and that he substantially admitted the allegations of the OLR's complaint regarding his failure to supervise Larson such that the OLR would not have needed to present testimony on this count at the hearing, a review of the record fails to support his contention. Attorney Brandt's answer to the complaint was equivocal and contained no clear admission of misconduct regarding his failure to supervise Ms. Lar-

son. Under the circumstances, the OLR was forced to fully prosecute the case in an effort to meet its burden of proof. We have concluded the OLR did meet its burden of proof as to both counts alleged in its complaint.

¶ 47. SCR 22.24(1m) provides that it is the court's general policy, upon a finding of misconduct, to impose all costs upon the respondent. In cases involving extraordinary circumstances, the court may, in the exercise of its discretion, reduce the amount of costs imposed upon a respondent. This case does not present any extraordinary circumstances that would warrant a reduction in the amount of costs imposed on Attorney Brandt.

¶ 48. IT IS ORDERED that Warren Lee Brandt is publicly reprimanded.

¶ 49. IT IS FURTHER ORDERED that, as a condition of his continued practice of law, Warren Lee Brandt shall comply with the following conditions:

A. He shall refrain from the consumption of alcohol and other non-prescription drugs;

B. He shall undergo another alcohol and drug assessment within 120 days of the date of this order, and furnish the results of said assessment to the Office of Lawyer Regulation;

C. He shall hire an outside accountant to review his trust account and business account quarterly and shall furnish the results of those quarterly examinations to the Office of Lawyer Regulation for a period of three years from the date of this order; and

D. He shall attend a trust account training session sponsored by the Office of Lawyer Regulation within 120 days of the date of this order.

¶ 50. IT IS FURTHER ORDERED that within 60 days of the date of this order, Warren Lee Brandt shall

pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Warren Lee Brandt to practice law in Wisconsin shall be suspended until further order of the court.

¶ 51. ANN WALSH BRADLEY, J. (*dissenting*). Attorney Warren Lee Brandt comes before this court, having been the subject of three prior attorney discipline actions and five operating while intoxicated offenses. In 1994 he received a private reprimand. In 2003 he received a public reprimand, and in 2004 yet another public reprimand.

¶ 52. The first question before the court today is whether multiple convictions for operating a motor vehicle while intoxicated represent a violation of former SCR 20:8.4(b).[1] The majority concludes that it does, and I agree.

¶ 53. I part ways with my colleagues in the determination of the second question, the appropriate level of discipline to be imposed. The majority has determined that the discipline to be imposed here for two more distinct violations is yet again another public reprimand. Because I believe that discipline generally should be progressive and that the discipline imposed here does not adequately address either the nature of the violation or Attorney Brandt's fitness to practice, I respectfully dissent.

¶ 54. The OLR sought a 60–day suspension for two code violations. The referee determined that Attor-

---

[1] SCR 20:8.4(b) (2006) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects . . . ."

ney Brandt violated former SCR 20:5.3(b) by failing to adequately supervise an employee. For that one violation, he recommended a public reprimand. He further determined, however, that multiple convictions for operating a motor vehicle while intoxicated did not represent a violation of the code and dismissed that count of the complaint. The OLR appealed. Although the majority concludes on appeal that the referee was in error and that the multiple convictions for OWI do indeed constitute a code violation, it nevertheless imposes only a public reprimand as discipline to cover both violations.

## A. Progressive Discipline

¶ 55. Generally, discipline is progressive in nature. *See, e.g., In re Disciplinary Proceedings Against Nussberger,* 2006 WI 111, 296 Wis. 2d 47, 719 N.W.2d 501. Admittedly, at times progressive discipline is not appropriate given the nature of the subsequent violation or other extenuating circumstances. A recent study of the OLR reveals that in 73% of the cases where a public reprimand was imposed, a subsequent progressive sanction was imposed. A subsequent progressive sanction was imposed in 83% of the cases involving short suspensions and 80% of the cases with long suspensions.[2]

## B. Severity of the Offense

¶ 56. The record reflects that on October 6, 2003, Attorney Brandt was arrested in Minnesota for third

---

[2] *Recidivism & Sanction Study,* June 2008 OLR Strategy Meeting, on file with the Office of Lawyer Regulation, Madison, WI.

offense OWI.[3] He was next arrested for OWI in Wisconsin on February 2, 2005, and again on March 14, 2005. Attorney Brandt advances that he should receive no additional discipline for his multiple OWI convictions because he has already received a substantial consequence by serving 185 days in jail and having a restricted driver's license. Apparently my colleagues agree with this argument. I don't.

¶ 57. Although the court may consider the sentence Attorney Brandt received under the criminal law, that sentence is not a substitute for this court's separate inquiry as to the appropriate sanction in this attorney discipline case.

### C. Fitness to Practice

¶ 58. Attorney Brandt acknowledges that he is addicted to alcohol. What is of concern to me is that although he has had outpatient treatment, there is no indication in the record that he has ever had inpatient treatment. Given the number of OWI offenses alone, I would generally expect to see an inpatient treatment program in order to maintain sobriety. Of additional concern to me is that there is no evidence in the record, except for his own statements, that he indeed is maintaining sobriety. Without corroboration, I do not find such statements sufficiently reliable.

¶ 59. Attorney Brandt indicates that he does attend Alcoholics Anonymous meetings, but the extent of his attendance is unclear in the record. He testified that "I go to AA meetings when I think that it's important to impress myself with again putting it to the floor and not being complacent."

---

[3] Petition to Plead Guilty in DWI Gross Misdemeanor or Misdemeanor Case, File No. TO-03-27682, filed August 28, 2006, Washington County (MN) District Court.

¶ 60. The Office of Lawyer Regulation asks that we impose a 60–day suspension of Attorney Brandt's license. Given the concept of progressive discipline, the nature of the multiple offenses, and a record that leaves unanswered questions about his sobriety, I believe that the appropriate sanction is in the range of 60 days to six months. I would also require as a condition of the suspension that Attorney Brandt cooperate with any conditions or treatment deemed necessary by OLR. *See, e.g., In the Matter of Disciplinary Proceedings against Fay,* 123 Wis. 2d 73, 78, 365 N.W.2d 13 (1985).