In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Warren L. BRANDT, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Warren L. BRANDT, Respondent.

Supreme Court

*No. 2011AP1700–D.—Decided February 9, 2012.*

2012 WI 8

(Also reported in 808 N.W.2d 687.)

¶ 1. PER CURIAM.   On July 26, 2011, the Office of Lawyer Regulation (OLR) filed a complaint alleging that Attorney Warren L. Brandt violated SCR 20:8.4(b)[1] by engaging in conduct resulting in the felony conviction in Minnesota of first-degree driving while intoxicated within ten years of the first of three or more qualified prior impaired driving incidents, contrary to Minnesota Statutes § 169A.24.1(1).

¶ 2.   On October 3, 2011, the parties executed a joint stipulation, so we consider the OLR's complaint and the stipulation without the appointment of a referee pursuant to SCR 22.12(1).[2] Upon careful consideration, we adopt the stipulation. We agree that the

---

[1] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

[2] SCR 22.12(1) states:

> The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

seriousness of Attorney Brandt's misconduct warrants the suspension of his license to practice law in Wisconsin for a period of four months. We also find it appropriate to impose various conditions on the resumption of Attorney Brandt's license to practice law following the suspension. The OLR is not seeking costs in this proceeding, and we agree that Attorney Brandt should not be required to pay costs.

¶ 3.   Attorney Brandt was admitted to practice law in Wisconsin in 1978. He states his current address as being in St. Croix Falls.

¶ 4.   In 1994 Attorney Brandt consented to the imposition of a private reprimand for using information relating to one client to the disadvantage of that client in a later divorce action, and failing to obtain the consent of his former clients prior to questioning one of them in open court during a subsequent divorce case.

¶ 5.   In 2003 Attorney Brandt received a public reprimand for failing to keep a client reasonably informed about the status of a matter and failing to promptly comply with reasonable requests for information; failing to cooperate with the investigation; making false or misleading communications about himself and his services; and failing to identify on his office letterhead the jurisdictional limitation of an attorney not licensed to practice law in Wisconsin who was listed as being "of counsel." *See In re Disciplinary Proceedings Against Brandt,* 2003 WI 138, 266 Wis. 2d 47, 670 N.W.2d 552.

¶ 6.   In 2004 a referee imposed a consensual private reprimand upon Attorney Brandt for failing to provide competent representation of clients in a civil dispute relating to property damage and failing to return the clients' file after the clients requested he do so.

¶ 7. In 2009 Attorney Brandt received another public reprimand for failing to periodically review his trust account bank statements, cancelled checks, and other records in connection with a non-lawyer employee's management of his trust account, thereby enabling the non-lawyer employee to convert funds belonging to clients and third parties, and for engaging in conduct that resulted in his criminal convictions in Wisconsin for third and fourth offense operating while intoxicated and his previous conviction in Minnesota of first-degree driving while intoxicated within ten years of the first of three or more qualified prior impaired driving incidents. This court imposed various conditions upon Attorney Brandt, including undergoing alcohol and drug assessment and refraining from the consumption of alcohol and other nonprescription drugs. *See In re Disciplinary Proceedings Against Brandt*, 2009 WI 43, 317 Wis. 2d 266, 766 N.W.2d 194.

¶ 8. In a criminal complaint dated January 26, 2010, Attorney Brandt was charged in Washington County, Minnesota, with one felony count of first-degree driving while intoxicated within ten years of the first of three or more qualified prior impaired driving incidents, in violation of Minnesota Statute § 169A.24.1(1). He was also charged with a second felony count violation of the same statute for being in control of a motor vehicle with an alcohol concentration of .08 or more within ten years of the first of three or more qualified prior impaired driving incidents. *State of Minnesota v. Warren Lee Brandt*, Washington County Case No. 82–CR10–349. Both charges arose out of a traffic stop conducted in the early morning hours of January 26, 2010, by a Washington County sheriff's deputy. The criminal complaint referred to Attorney Brandt's prior drunk driving conviction in Minnesota and his prior drunk driving convic-

tions in Wisconsin, all of which occurred within ten years of January 26, 2010. Attorney Brandt's blood alcohol level at the time of his January 26, 2010, operation of a motor vehicle was well over the legal limit.

¶ 9. On June 2, 2010, Attorney Brandt signed a Petition to Enter Plea of Guilty in Felony or Gross Misdemeanor in the Minnesota case. The plea agreement called for Attorney Brandt to enter a plea of guilty to the second felony charge, with the first charge being dismissed.

¶ 10. On September 3, 2010, the Minnesota court sentenced Attorney Brandt for his felony conviction. The sentencing order provided for 36 months commitment to the Commissioner of Corrections. That term was stayed and Attorney Brandt was placed on seven years of probation with conditions of 180 days in jail, work release, and a $900 fine plus costs and various conditions relating to treatment and counseling.

¶ 11. The OLR's complaint alleged that Attorney Brandt's conduct resulting in his felony drunk driving conviction in Minnesota was a serious criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects.

¶ 12. The parties' stipulation states that the terms of the stipulation were not bargained for or negotiated between the parties. The stipulation consists of Attorney Brandt's admission of the facts and misconduct alleged by the OLR in its complaint and Attorney Brandt's agreement to the level of discipline that the OLR director is seeking in the matter. Attorney Brandt represents and verifies that he fully understands the misconduct allegations; he fully understands the ramifications should the court impose the stipulated level of discipline; he fully understands his right to contest the matter; he fully understands his right to consult with and retain counsel

and waives the right to counsel; and he avers that his entry into the stipulation is made knowingly and voluntarily.

¶ 13. With respect to the appropriate level of discipline for Attorney Brandt's misconduct, the parties agreed that a four-month suspension of Attorney Brandt's license to practice law in Wisconsin is appropriate, along with the following conditions:

A. Alcohol assessment conducted by a person of the OLR's choosing, with the costs for the same paid by Attorney Brandt;

B. Attorney Brandt's compliance with all treatment recommendations;

C. Attorney Brandt providing properly executed medical authorizations as requested by the OLR; and

D. Cooperative participation by Attorney Brandt in a monitoring program approved by the OLR.

¶ 14. The OLR's memorandum in support of the stipulation notes that Attorney Brandt completed a chemical health assessment with the Washington County (Minnesota) Human Services Department in September 2009. During the assessment Attorney Brandt reported no alcohol use since September 2006, and the assessment gave Attorney Brandt's diagnosis as "alcohol dependency in remission." Approximately four months later, Attorney Brandt was charged with felony drunk driving in Minnesota. The OLR says given the concept of progressive discipline, combined with the fact that Attorney Brandt failed to comply with this court's condition that he refrain from the consumption of alcohol and the fact that protection of the public is paramount, a four-month suspension is an appropriate sanction.

¶ 15.   Supreme court rule 22.12(2) provides that if this court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. Supreme court rule 22.12(3) provides that if this court rejects the stipulation, a referee will be appointed and the matter shall proceed as a complaint filed without a stipulation.

¶ 16.   In the 2009 disciplinary proceeding that resulted in Attorney Brandt's most recent public reprimand, Attorney Brandt acknowledged that he is addicted to alcohol. He made excuses for the drunk driving convictions at issue in that case by claiming they were related to the stress of the OLR's investigation and the fact that he had been a victim of criminal activity by a former non-lawyer employee who converted approximately $104,000 from his business and trust accounts to her own use.

¶ 17.   In the 2009 case this court noted the question of whether to impose a fourth reprimand or a suspension was a very close call. We concluded, based on the circumstances of that case, that another public reprimand, coupled with conditions recommended by the referee, which included abstaining from alcohol consumption, was an appropriate sanction. Justice Bradley dissented, expressing concern about the steps Attorney Brandt had taken in order to maintain sobriety. She believed an appropriate sanction would have been in the range of a 60–day to six-month suspension. It appears that Justice Bradley's concerns were well-founded since Attorney Brandt was arrested for drunk driving in Minnesota less than eight months after this court imposed the public reprimand in June of 2009.

¶ 18.   One of the conditions imposed on Attorney Brandt's continued practice of law in the 2009 reprimand was a requirement that he refrain from the

consumption of alcohol and other non-prescription drugs. On December 7, 2011, the OLR and Attorney Brandt were directed to show cause to the court, in writing, why Attorney Brandt's resumed and continued practice of law should not be subject to a similar condition. Attorney Brandt has not responded to the order to show cause.

¶ 19. The OLR responded on December 20, 2011, by saying that in making his sanction recommendation, the OLR director assumed that abstinence would be a treatment recommendation of the alcohol assessor and that abstinence would also be a condition of Attorney Brandt's participation in the monitoring program. The OLR notes that Attorney Brandt is under a seven-year probationary term which contains a condition of absolute sobriety. The OLR also notes that Minnesota statutes allow for conditions of probation to be changed or eliminated and for probation to be terminated early. The OLR asks the court to include, as a condition of Attorney Brandt's resumed and continued practice of law, that he refrain from the consumption of alcohol and any mood-altering drugs without a valid prescription while subject to the treatment recommendation of the assessor, or while subject to the monitoring program, or while on probation, whichever is longer.

¶ 20. Upon careful consideration, we adopt the stipulated facts and conclusions. We also agree that a four-month suspension of Attorney Brandt's license to practice law in Wisconsin is appropriate and we deem it appropriate to impose the conditions proposed in the parties' stipulation, as well as the added condition detailed in the OLR's December 20, 2011, response to the order to show cause.

¶ 21. The level of discipline imposed in cases involving lawyer misconduct is generally progressive in nature. *See, e.g., In re Disciplinary Proceedings Against Nussberger,* 2006 WI 111, ¶ 27, 296 Wis. 2d 47, 719 N.W.2d 501. Having previously been the recipient of two private reprimands and two public reprimands, we deem it appropriate to impose a harsher level of discipline in this matter, particularly since the nature of the misconduct here is similar to the misconduct at issue in the 2009 case.

¶ 22. IT IS ORDERED that the license of Warren L. Brandt to practice law in Wisconsin is suspended for a period of four months, effective March 12, 2012.

¶ 23. IT IS FURTHER ORDERED that during the period of his suspension, Warren L. Brandt shall comply with the following conditions:

A. Participate in an alcohol assessment conducted by a person of the Office of Lawyer Regulation's choosing, with the costs for the same paid by Warren L. Brandt;

B. Comply with all treatment recommendations;

C. Provide properly executed medical authorizations as requested by the Office of Lawyer Regulation;

D. Cooperatively participate in a monitoring program approved by the Office of Lawyer Regulation; and.

E. Refrain from the consumption of alcohol and any mood-altering drugs without a valid prescription while subject to the treatment recommendations of the assessor, or while subject to the monitoring program, or while on probation, whichever is longer.

¶ 24.   IT IS FURTHER ORDERED that Warren L. Brandt shall comply with the requirements of SCR 22.26 pertaining to activities following suspension.