In the Matter of Disciplinary Proceedings Against
Nicholas C. Grapsas, Attorney at Law.

Supreme Court

No. 91–2899–D. *Submitted on briefs March 31,*
*1993.—Decided April 26, 1993.*

(Also reported in 498 N.W.2d 400.)

For Nicholas C. Grapsas there were briefs by
*Nicholas C. Grapsas*, Madison.

For the Board of Attorneys Professional Responsibility there was a brief by *Earl H. Munson* and *LaFollette & Sinykin*, Madison.

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

Attorney Nicholas C. Grapsas appealed the referee's findings of fact and conclusions of law that he engaged in professional misconduct by failing to act with reasonable diligence and promptness in representing a client, failing to keep the client reasonably informed of the status of her legal matter and comply with her reasonable requests for information concerning it, refusing to return the client's unearned retainer when she terminated his representation, misrepresenting to his client, staff of the Board of Attorneys Professional Responsibility (Board) and the district professional responsibility committee that he had acted in his client's matter and failing to timely respond to the Board's requests for information concerning the client's grievance. Attorney Grapsas also appealed from the referee's recommendation that he be publicly reprimanded for that misconduct.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended public reprimand is appropriate discipline to impose for Attorney Grapsas' misconduct. Attorney Grapsas' failure to see to the completion of his client's matter was compounded by his subsequent efforts to conceal that failure from his client, from the Board and its investigators and, ultimately, from this court.

Attorney Grapsas was admitted to practice law in Wisconsin in 1970 and practices in Madison. He has not previously been the subject of an attorney disciplinary proceeding. The referee, Attorney John Morris, made the following findings of fact.

A woman retained Attorney Grapsas in April, 1989 to assist her in applying for U.S. citizenship, for which she paid him a fee of $150, together with a check payable to him for $60 for the application filing fee. On August 4,

1989, the client provided Attorney Grapsas an application she had filled out, supporting documents and the required photographs of herself taken within 30 days of the date of the application.

Thereafter, between August 4, 1989 and May 1, 1990, the client telephoned Attorney Grapsas several times to learn of the status of her application. Each time Attorney Grapsas assured her there was nothing to worry about. At one point, the client's husband telephoned Attorney Grapsas concerning the matter and Attorney Grapsas told him that he was taking care of it.

By May 1, 1990 the client concluded that something must have been amiss in respect to her application and she telephoned the Immigration and Naturalization Service (INS) who told her they had no application in her name on file. On May 1, 1990 the client then called Attorney Grapsas' office, leaving a message on his answering machine that INS could not find her application. When she did not receive a return call in the next two days, the client again called Attorney Grapsas, at which time he told her he was taking care of the matter and that he would call her back.

When the client heard nothing from Attorney Grapsas during the following week, she again telephoned him and he told her that he had prepared another set of application papers, which he would send registered mail so that there would be proof of delivery. The client requested an appointment and, on May 15, 1990, she and her husband met with Attorney Grapsas, at which time he again assured her that her application was ready for her signature and that he would send it by registered mail. The client refused and demanded her file. Attorney Grapsas gave her the file but he did not return the photographs she originally had provided to him for the application. Contrary to Attorney Grapsas' statement

that the newly prepared application was ready to be filed, no new photographs had been taken within 30 days of that meeting. Attorney Grapsas also gave the client $60 for the filing fee she had given him but refused to return the $150 fee, stating that he believed he had performed the work for which he had been retained.

During the course of the disciplinary proceeding, Attorney Grapsas produced a copy of a transmittal letter dated August 17, 1989 addressed to the INS which he claimed he sent with the client's application. The referee found that the client never saw a copy of that letter, it was not discussed at the May 15, 1990 meeting with Attorney Grapsas, she was never given a copy of it and Attorney Grapsas never told her he had such a letter, even though the client had told him she believed he never sent her application to INS.

When the client complained to the Board of Attorney Grapsas' conduct in this matter, the Board sent him a copy of the grievance, requesting a response within 20 days. Attorney Grapsas did not respond in that time and the Board sent him a second letter requiring him to respond by a specified date. When Attorney Grapsas did not respond by that date, the Board referred the matter to the district professional responsibility committee for investigation. The next day, the Board received a letter from Attorney Grapsas responding to its requests for information.

During the district committee's investigation of the matter, Attorney Grapsas was asked to provide any additional information he might have in respect to the client's grievance, to which he responded that he did not wish to provide any additional information. He made no mention of the cover letter he later claimed to have sent with the client's application. Thereafter, responding to the adverse report of the district committee's investiga-

tion, Attorney Grapsas made no mention of the cover letter nor did he provide a copy of it.

The referee found that, as Attorney Grapsas' secretary did a monthly review of his outstanding checks, Attorney Grapsas knew at least by October or November of 1989 that the check he had written to INS for the application fee had not cleared his office account. By the time of the Board's investigation into this matter, Attorney Grapsas no longer had in his possession the check register or any other record of that check. Notwithstanding that he knew his client was concerned about the matter and had made several inquiries concerning it and that the check he had written for the application fee had not cleared, Attorney Grapsas never contacted INS to determine the status of his client's application. He also did not tell his client the check for the application fee never cleared his account.

During this proceeding, Attorney Grapsas acknowledged that he should have inquired at INS about the status of his client's application and that his failure to do so constituted a failure to exercise reasonable diligence and promptness to determine the current status of his client's legal matter, in violation of SCR 20:1.3.[1] He also acknowledged that, by not responding to the Board's request for information concerning the client's grievance within the time specified and by not asking for an extension of time to do so, he failed to cooperate with the Board, in violation of SCR 22.07(2).[2] He proposed that

---

[1] SCR 21.03 provides:

**Diligence**

    A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 22.07 provides:

**Investigation.**

    . . .

820

he receive a private reprimand for his violation of the applicable rules of attorney conduct.

The referee concluded that Attorney Grapsas' failure to file his client's application with INS constituted a failure to act with reasonable diligence and promptness, in violation of SCR 20:1.3. Further, his failure to return his client's unearned fee when she terminated his representation violated SCR 20:1.16(d).[3] Also, Attorney Grapsas failed to keep his client reasonably informed about the status of her legal matter and failed to comply with her reasonable requests for information concerning it, in violation of SCR 20:1.4(a).[4] Attorney Grapsas' statements to his client to Board staff and to the district

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the Board.

[3] SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 20:1.4 provides:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

821

professional responsibility committee that he mailed his client's application constituted misrepresentations, in violation of SCR 20:8.4(c)[5] and 22.07(2). Finally, Attorney Grapsas' failure to timely respond to the Board's requests for information concerning the client's grievance violated SCR 21.03(4)[6] and 22.07(2).

As discipline for that misconduct, the referee recommended that Attorney Grapsas be publicly reprimanded. The referee also recommended that he be required to pay the costs of this proceeding.

In his appeal, Attorney Grapsas contended that the referee's finding that he did not mail his client's application for citizenship to INS is clearly erroneous. He contended that the finding is based purely on speculation, which in turn is based on an equivocal fact, namely, that INS had no record of the application. Suggesting that the application might never have reached INS or that it was misplaced after it arrived there, Attorney Grapsas took the position that the Board failed to establish by clear and convincing evidence that he failed to mail the application. He makes a similar argument in respect to the fact that his office check register was destroyed in the usual course of business.

---

[5] SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[6] SCR 21.03 provides:

**General principles.**

. . .
(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

Concerning the transmittal letter he claimed to have prepared and sent with his client's application, Attorney Grapsas insisted that his failure to show or provide his client a copy of that letter or mention it to the Board or to the district committee's investigator does not support an inference that he did not prepare that letter or did not send it. On the issue of whether he was required to return the client's retainer, Attorney Grapsas took the position that, because he performed all of the work for which he was retained and mailed the client's application, he earned the fee.

Attorney Grapsas' arguments have no merit. The referee reasonably inferred from the facts that Attorney Grapsas did not file his client's citizenship application with INS. In reaching that inference, the referee rejected Attorney Grapsas' testimony to the contrary. As the referee's inference was reasonable, his finding that Attorney Grapsas did not mail the application is not clearly erroneous and his conclusion based thereon that Attorney Grapsas violated SCR 20:1.16(d) by refusing to return his client's unearned retainer, failed to keep her reasonably informed of the status of the legal matter and comply with requests for information concerning it and misrepresented his conduct in the matter to his client, the district committee investigator and the Board were proper.

We determine that Attorney Grapsas' professional misconduct in this matter warrants the public reprimand recommended by the referee. As this is Attorney Grapsas' first involvement in an attorney disciplinary proceeding, more severe discipline is not required to impress upon him and upon other attorneys the seriousness of his misconduct and to protect the public from similar misconduct on his part or by other attorneys.

IT IS ORDERED that Attorney Nicholas C. Grapsas is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Nicholas C. Grapsas pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Nicholas C. Grapsas to practice law in Wisconsin shall be suspended until further order of the court.