In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Barry LeSieur, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Barry LeSieur, Respondent.

Supreme Court

*No. 2007AP2763–D. Decided September 30, 2010.*

2010 WI 117

(Also reported in 789 N.W.2d 572.)

¶ 1. PER CURIAM. We review the report and recommendation of the referee, Attorney Gary L. Olstad. The referee recommended that Attorney Barry LeSieur be privately reprimanded for his professional misconduct subject to the possibility of a later "conversion" to a public reprimand, that certain conditions be placed upon Attorney LeSieur's continued practice of law in Wisconsin, and that Attorney LeSieur be required to pay the costs of this proceeding. After fully reviewing the matter, we conclude that a public reprimand and the assessment of full costs are appropriate. We also conclude that the imposition of conditions on Attorney LeSieur's license is appropriate, but we modify the conditions recommended by the referee.

¶ 2. Attorney LeSieur was admitted to the practice of law in Wisconsin in 1996. He maintains a private law practice in Lac du Flambeau.

¶ 3. Attorney LeSieur has been the subject of professional discipline on one prior occasion. On October 20, 2006, Attorney LeSieur agreed to the imposition

of a consensual private reprimand due to his criminal conviction for operating a motor vehicle while intoxicated (OWI). The incident underlying this private reprimand occurred in May 2004. The consensual private reprimand was subsequently approved by a referee and was formally issued in February 2007. The consensual private reprimand identified the May 2004 incident as Attorney LeSieur's third OWI offense. In reality, the subject of the private reprimand was Attorney LeSieur's second OWI conviction.

¶ 4. The conduct underlying the present disciplinary proceeding stems from another OWI incident. On October 28, 2006, eight days after he agreed to the consensual private reprimand for his second OWI conviction, Attorney LeSieur once again operated a motor vehicle while intoxicated and was arrested. He subsequently pled no contest to a charge of OWI (third offense). He was sentenced to 90 days in jail and had his operator's license revoked for a period of 29 months. Attorney LeSieur timely self-reported his OWI conviction to the Office of Lawyer Regulation (OLR). *See* SCR 21.15(5).

¶ 5. Based on this conduct, the OLR filed a complaint alleging that Attorney LeSieur had committed a criminal act that reflected adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).[1] Attorney LeSieur's answer generally admitted the complaint's factual allegations, but it did not admit a violation of SCR 20:8.4(b). Attorney LeSieur, however, subsequently entered into a stipulation, in which he admitted

---

[1] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

the facts of his arrest and conviction for OWI (third offense) and also conceded that his conduct violated SCR 20:8.4(b).

¶ 6. The stipulation did not contain any agreement regarding the appropriate level of discipline to be requested. Consequently, the parties filed memoranda addressing the issue of sanction.

¶ 7. The OLR requested a public reprimand, primarily contending that the concept of progressive discipline required a more serious sanction than the private reprimand imposed for Attorney LeSieur's prior OWI conviction. The OLR pointed out that the private reprimand had not sufficiently deterred Attorney LeSieur from further misconduct because he had operated a motor vehicle while intoxicated just a few days after agreeing to the private reprimand for this same type of conduct.

¶ 8. Attorney LeSieur argued that he should not receive any discipline for his conduct and that he should be diverted to an alternative to discipline program pursuant to SCR 22.10. He contended that discipline was not appropriate because his OWI offense did not directly relate to the practice of law.

¶ 9. The referee found, based on the parties' stipulation, that Attorney LeSieur had engaged in the operation of a motor vehicle while intoxicated and that he had been convicted of a criminal OWI offense, based on his no contest plea. The referee concluded that this conduct constituted a violation of SCR 20:8.4(b).

¶ 10. The referee recommended that Attorney LeSieur receive a conditional private reprimand for his professional misconduct. He suggested that the private reprimand be conditioned on Attorney LeSieur completing a recognized alcohol treatment program and on Attorney LeSieur not committing any alcohol-related

offense for two years following the date of the reprimand order. The referee recommended that if Attorney LeSieur failed to comply with either condition, the private reprimand should be "converted" to a public reprimand. The referee also recommended that Attorney LeSieur be required to pay the full costs of this disciplinary proceeding.

¶ 11. Following receipt of the referee's report, we issued an order directing Attorney LeSieur to advise as to what alcohol-related treatment he had received since October 2006 and whether he was continuing to receive treatment or to participate in an alcohol-related program. We also directed the OLR to speak with individuals who had provided or were providing alcohol-related treatment or programming to Attorney LeSieur and to file a report that (1) described the nature of Attorney LeSieur's alcohol consumption since October 2006, (2) discussed the alcohol-related treatment or programming he had received, and (3) suggested any conditions that should be placed on Attorney LeSieur's license to practice law in Wisconsin. Attorney LeSieur was given an opportunity to respond to the OLR's report and its suggested conditions. The parties provided the requested information, which we have carefully considered.

¶ 12. Before turning to our analysis of this matter, we note the standard of review that we follow in attorney disciplinary proceedings. We affirm a referee's findings of fact unless they are found to be clearly erroneous. *In re Disciplinary Proceedings Against Inglimo,* 2007 WI 126, ¶ 5, 305 Wis. 2d 71, 740 N.W.2d 125. We review the referee's conclusions of law, however, on a de novo basis. *Id.* Finally, we determine the appropriate level of discipline given the particular facts

of each case, independent of the referee's recommendation, but benefiting from it. *In re Disciplinary Proceedings Against Widule*, 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 13. The underlying facts and the legal conclusion that those facts demonstrate a violation of SCR 20:8.4(b) have been stipulated. We therefore accept and adopt the referee's findings of fact and conclusions of law.

¶ 14. The issues that require a decision in this matter are the appropriate level of discipline and the nature of any conditions that should be placed upon Attorney LeSieur's license to practice law.

■

¶ 15. With respect to the appropriate sanction, we conclude that Attorney LeSieur should be publicly reprimanded. Although Attorney LeSieur stipulated that his OWI conviction demonstrated that he had violated SCR 20:8.4(b), his filings both to the referee and to this court indicate his belief that he should not receive professional discipline for his conduct because it did not directly relate to the practice of law. He contends that any response to his alcohol-related conduct should be "treatment oriented."

¶ 16. While we acknowledge that assisting Wisconsin lawyers to cope with an addiction to or dependence on alcohol so they can comply with their professional obligations is a proper goal of the lawyer regulatory system, that fact does not mean that conduct that occurs while an attorney is under the influence of alcohol cannot subject the attorney to professional discipline. Indeed, we have held that a pattern of multiple OWI convictions can demonstrate a serious lack of respect for the law that reflects adversely on an

attorney's "fitness as a lawyer in other respects" under SCR 20:8.4(b) and can support a public reprimand. *In re Disciplinary Proceedings Against Brandt,* 2009 WI 43, ¶ 42, 317 Wis. 2d 266, 766 N.W.2d 194. In the *Brandt* case, Attorney Brandt received both his third and fourth OWI convictions in Wisconsin, as well as another OWI conviction in Minnesota. In addition, he was found to have failed to supervise his non-lawyer assistant, leading to irregularities in his client trust account. For this conduct, we imposed a public reprimand.

¶ 17. Likewise, we determine that Attorney LeSieur's conduct demonstrates a pattern of disregard for the requirements of the law and calls for the imposition of public discipline. Moreover, it is clear that a private reprimand would not be sufficient to deter Attorney LeSieur from further alcohol-related misconduct. He already received a consensual private reprimand for his second OWI offense. After he agreed to such a reprimand and before it was even finalized, he again got behind the wheel of a vehicle while he was intoxicated. This demonstrates a disregard both for the state's criminal law against operating a motor vehicle while intoxicated and this court's Rules of Professional Conduct for Attorneys. Consequently, a more serious sanction than a private reprimand is clearly appropriate.[2]

¶ 18. We also conclude that some conditions on Attorney LeSieur's license to practice law are necessary to ensure that Attorney LeSieur is obtaining the treatment he needs to cope with his alcohol-related problems

---

[2] We do not follow the recommendation of the referee that we impose a private reprimand that could be "converted" into a public reprimand if Attorney LeSieur fails to comply with the specified conditions. We do not impose such contingent or convertible discipline.

and to protect the public from any future misconduct that might result from Attorney LeSieur's consumption of alcohol. Generally, we conclude that Attorney LeSieur should undergo a thorough alcohol and other drug abuse (AODA) evaluation and should comply with the recommendations contained in the evaluation. Although we recognize that Attorney LeSieur has stated that he has not consumed alcohol since 2006, we also believe it is appropriate to require him to submit to random alcohol/substance abuse screenings for a period of two years. These conditions are based on the OLR's suggested conditions, which in turn were based on the suggestions of Attorney LeSieur's treatment provider.

¶ 19. Finally, we determine that Attorney LeSieur should be required to pay the full costs of this proceeding, which were $2,667.83 as of February 17, 2009. There are no extraordinary circumstances present in this case that would call for a deviation from the court's general policy of imposing full costs. SCR 22.24(1m). Although Attorney LeSieur did enter into a stipulation, he did not do so until after a referee had been appointed, and even then he continued to contest the level of discipline to be imposed. As requested by the OLR, we do not require Attorney LeSieur to pay the OLR's costs in responding to our order to prepare a report regarding Attorney LeSieur's treatment and proposed conditions on his license to practice law in this state.

¶ 20. IT IS ORDERED that Barry LeSieur is publicly reprimanded for his professional misconduct.

¶ 21. IT IS FURTHER ORDERED that within 30 days after the date of this order, Barry LeSieur shall sign reciprocal releases of confidentiality (complying with the federal Health Insurance Portability and Accountability Act and all other applicable federal and state laws) for each treatment provider who is provid-

ing or has provided alcohol-related or substance abuse-related treatment or services to Barry LeSieur within the last ten years, so that such treatment providers may share pertinent information related to Barry LeSieur's substance abuse history and related issues. In addition to authorizing other treatment providers to obtain access to such treatment information, the releases signed by Barry LeSieur shall also authorize disclosure of all records concerning alcohol-related or substance abuse-related treatment or services to the Office of Lawyer Regulation. The Office of Lawyer Regulation shall maintain as confidential all information or documents received pursuant to these releases. The releases required by this paragraph shall remain in effect for two years from the date of this order.

¶ 22. IT IS FURTHER ORDERED that within 60 days after the date of this order, Barry LeSieur shall submit to an alcohol and other drug abuse (AODA) evaluation by a professional AODA counselor or treatment provider, which written evaluation shall assess Barry LeSieur's substance abuse history and current status and make specific recommendations for Barry LeSieur's continuing treatment or maintenance. A copy of the written AODA evaluation shall be submitted to the Office of Lawyer Regulation and shall be maintained by it as confidential.

¶ 23. IT IS FURTHER ORDERED that Barry LeSieur shall, to the best of his ability, comply with all written recommendations set forth in the AODA evaluation, with the OLR to monitor Barry LeSieur's compliance.

¶ 24. IT IS FURTHER ORDERED that for two years following the date of this order, Barry LeSieur shall, at his own expense, submit to random alcohol and substance abuse screening, directed and monitored by the Office of Lawyer Regulation.

357

¶ 25. IT IS FURTHER ORDERED that within 60 days of the date of this order, Barry LeSieur shall pay to the Office of Lawyer Regulation the costs of this proceeding incurred through the filing of the referee's report. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Barry LeSieur to practice law in Wisconsin shall be suspended until further order of the court.

¶ 26. ANN WALSH BRADLEY, J. (*dissenting*). Although I agree with the conditions of practice and costs imposed by the majority, I disagree with its determination as to the appropriate level of discipline. The majority concludes that a public reprimand is sufficient. Given the pattern of conduct and the state of the evidence, I think that a public reprimand is too lenient. I instead would impose a 60–day suspension of Attorney LeSieur's license.

¶ 27. Attorney LeSieur has been arrested five times for operating while under the influence of alcohol (OWI) and has three convictions for that offense. The first arrest was in 1991. It resulted in a conviction which apparently was overturned "on constitutional grounds."[1] The second OWI arrest was in 2001. The case was transferred from Vilas County to another jurisdiction which did not pursue the prosecution.[2]

---

[1] It appears from the record that "overturned on constitutional grounds" is Attorney LeSieur's description of what happened. There is no further evidence in this record which illuminates the history of that conviction.

[2] Although there is little in the record about this case, it appears that it was transferred to tribal court jurisdiction in Lac Du Flambeau and not prosecuted.

¶ 28. The third, fourth, and fifth arrests resulted in three convictions in May 2003, May 2004, and October 2006. As the majority correctly states: "On October 28, 2006, eight days after he agreed to the consensual private reprimand for his second OWI conviction, Attorney LeSieur once again operated a motor vehicle while intoxicated and was arrested." Majority op., ¶ 4. It is this third conviction (fifth arrest) which is before us in the present disciplinary proceeding.

¶ 29. As part of its rationale for imposing a public reprimand rather than a private reprimand, the majority concludes that "it is clear that a private reprimand would not be sufficient to deter Attorney LeSieur from further alcohol-related misconduct." *Id.*, ¶ 17. I think that the majority is mistaken if it thinks that a public reprimand here is sufficient to deter further alcohol-related misconduct.

¶ 30. I see this case as similar to our recent case of *Disciplinary Proceedings Against Brandt,* 2009 WI 43, 317 Wis. 2d 266, 766 N.W.2d 194. In that case, Attorney Brandt was also the subject of five OWI offenses. The majority imposed only a public reprimand for his violation of former SCR 20:8.4(b) which provided in part that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's fitness to practice as a lawyer.[3]

---

[3] One of the conditions of Attorney Brandt's continued practice of law was that he refrain from the consumption of alcohol. On June 4, 2010, the Office of Lawyer Regulation filed a report of Attorney Brandt's noncompliance with the no-alcohol condition. Attached to the report was a January 26, 2010 Minnesota District Court complaint indicating a pending action against Attorney Brandt who was charged with alcohol-related offenses.

¶ 31. I dissented in *Brandt*. Given the repeated nature of the conduct and the equivocal state of the evidence on the question of maintaining sobriety, I thought that the discipline was too lenient. *Brandt,* 317 Wis. 2d 266, ¶ 56.

¶ 32. Those same reasons also apply here. I would impose a 60–day suspension of Attorney LeSieur's license. Accordingly, I respectfully dissent.