# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2015AP2032-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Leonard G. Adent, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>            Complainant,<br>      v.<br>Leonard G. Adent,<br>            Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST ADENT

| | |
|---|---|
| OPINION FILED: | March 29, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | ABRAHAMSON, J., joined by BRADLEY, A.W., J. |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP2032-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Leonard G. Adent, Attorney at Law:

Office of Lawyer Regulation,

   Complainant,

  v.

Leonard G. Adent,

   Respondent.

**FILED**

**MAR 29, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review a stipulation pursuant to Supreme Court Rule (SCR) 22.12 between the Office of Lawyer Regulation (OLR) and Attorney Leonard G. Adent. In the stipulation, Attorney Adent agrees with the OLR's position that his misconduct warrants the imposition of a public reprimand. Attorney Adent also agrees with the OLR's position that various conditions be imposed upon his continued practice of law in Wisconsin.

¶2 After fully reviewing the stipulation and the facts of this matter, we accept the stipulation and impose the public reprimand jointly requested by the parties. We further find it appropriate to impose the recommended conditions upon Attorney Adent's practice of law. In light of the parties' stipulation and the fact that no referee needed to be appointed, we impose no costs upon Attorney Adent.

¶3 Attorney Adent was admitted to practice law in Wisconsin in 1967 and practices in Pewaukee. Attorney Adent's disciplinary history consists of a 2012 consensual public reprimand for a conviction of second offense operating while intoxicated (OWI) and for failure to provide competent or diligent representation to a client, failure to obey an obligation under the rules of a tribunal, and failure to make a reasonably diligent effort to comply with a defendant's discovery request. In addition, Attorney Adent failed to report his OWI conviction to the OLR or to the clerk of this court, and he failed to fully answer the OLR's inquiries during the OLR's investigation. Public Reprimand of Leonard G. Adent, 2012-19.

¶4 On October 9, 2015, the OLR filed a complaint alleging five counts of professional misconduct against Attorney Adent. On October 26, 2015, Attorney Adent entered into a stipulation whereby he agrees that the factual allegations contained in the OLR's complaint are accurate and that he committed the professional misconduct charged in the complaint. The stipulation states that Attorney Adent fully understands the nature of the misconduct allegations against him, his right to

2

contest those allegations, and the ramifications that would follow from this court's imposition of the stipulated level of discipline. The stipulation indicates that Attorney Adent understands his right to counsel. He verifies that he is entering into the stipulation knowingly and voluntarily and that his entry into the stipulation represents his decision not to contest this matter.

¶5 The OLR's complaint alleged that, since at least 2009, Attorney Adent maintained the "Leonard G. Adent Attorney at Law IOLTA Trust Account" at the Waukesha State Bank. Attorney Adent used the trust account for, among other things, holding funds of clients and/or third parties. Until late March 2014, Attorney Adent had neither a business bank account nor a personal bank account. He retained earned fees in his trust account and used the trust account to pay personal expenses. In July 2013, the Waukesha State Bank advised Attorney Adent that it could no longer cash personal checks made payable to Attorney Adent and that he must open a personal account. Attorney Adent opened a new account in March 2014. The account was identified as "Mr. Leonard G. Adent" without reference to "Attorney," "Law Office," "Business Account," "Office Account," "Operating Account," or similar words. Attorney Adent informed the OLR that the account was a personal account and not a business account.

¶6 The OLR's complaint also alleged that on November 14, 2013, Attorney Adent made a cash deposit of $260 into the trust account and failed to record any information identifying the client or matter on the deposit slip, and he informed the OLR

3

that he was unsure as to which client the deposit related. Attorney Adent held a $2,735 fee in his trust account and never withdrew it. On January 9, 2014, Attorney Adent deposited a $1,500 loan from T.D., a client who Attorney Adent was representing in a foreclosure action, into his trust account. Attorney Adent failed to record any information identifying the client or matter on the deposit slip. The terms of the loan transaction were not transmitted in writing to T.D., nor did Attorney Adent advise T.D. in writing of the desirability of seeking independent legal counsel. T.D. did not give his informed written consent to the essential terms of the loan transaction. On or about April 26, 2014, after the OLR had inquired about the matter, and well over three months following the loan, T.D. signed a written statement and promissory note with Attorney Adent. The note was backdated to January 8, 2014.

¶7 On February 10, 2011, Attorney Adent was convicted of an OWI (second) conviction in Fond du Lac County, Wisconsin. On April 17, 2014, a Door County Sheriff's Department deputy observed a vehicle operated by Attorney Adent cross the center line and initiated a traffic stop of the vehicle. Attorney Adent was placed under arrest for operating a motor vehicle while under the influence of an intoxicant (third offense). Attorney Adent reported his arrest to the OLR on July 8, 2014. On November 25, 2014, pursuant to a guilty plea, Attorney Adent was convicted of misdemeanor OWI (third), sentenced to 150 days in jail with Huber privileges, and fined, and his driver license was revoked for 33 months.

¶8 The OLR's complaint alleged that Attorney Adent engaged in the following counts of misconduct:

[Count One] By receiving trust funds but failing to maintain a business account, Adent violated SCR 20:1.15(e)(8).[1]

[Count Two] By commingling his personal funds with client funds held in his Trust Account, for purposes other than paying monthly bank account service charges, Adent violated SCR 20:1.15(b)(3).[2]

[Count Three] By accepting a $1,500 loan from a client in January 2014, without any required written disclosures or the client's informed consent and no documentation of the transaction other than a back-dated promissory note, Adent violated SCR 20:1.8(a).[3]

---

[1] SCR 20:1.15(e)(8) provides that "[e]ach lawyer who receives trust funds shall maintain at least one draft account, other than the trust account, for funds received and disbursed other than in the lawyer's trust capacity, which shall be entitled 'Business Account,' 'Office Account,' 'Operating Account,' or words of similar import."

[2] SCR 20:1.15(b)(3) provides that "[n]o funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account."

[3] SCR 20:1.8(a) provides:

A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;

(2) the client is advised in writing of the desirability of seeking and is given a reasonable

(continued)

[Count Four] By failing to maintain a transaction register, individual client ledgers, a ledger for account fees and charges, by disbursing checks from his trust account without identifying the client matter and the reason for the disbursement on the memo line or by using the memo line to attribute checks to a client matter when actually disbursing his personal funds, by failing to record the client or matter associated with each deposit item on his deposit slips, and by failing to perform monthly reconciliations of his IOLTA checking account, Adent violated SCR 20:1.15(f)(1).[4]

---

opportunity to seek the advice of independent legal counsel on the transaction; and

(3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

[4] SCR 20:1.15(f)(1) provides:

Complete records of a trust account that is a draft account shall include a transaction register; individual client ledgers for IOLTA accounts and other pooled trust accounts; a ledger for account fees and charges, if law firm funds are held in the account pursuant to sub. (b)(3); deposit records; disbursement records; monthly statements; and reconciliation reports, subject to all of the following:

a. Transaction register. The transaction register shall contain a chronological record of all account transactions, and shall include all of the following:

1. the date, source, and amount of all deposits;

2. the date, check or transaction number, payee and amount of all disbursements, whether by check, wire transfer, or other means;

3. the date and amount of every other deposit or deduction of whatever nature;

(continued)

6

4. the identity of the client for whom funds were deposited or disbursed; and

5. the balance in the account after each transaction.

b. Individual client ledgers. A subsidiary ledger shall be maintained for each client or 3rd party for whom the lawyer receives trust funds that are deposited in an IOLTA account or any other pooled trust account. The lawyer shall record each receipt and disbursement of a client's or 3rd party's funds and the balance following each transaction. A lawyer shall not disburse funds from an IOLTA account or any pooled trust account that would create a negative balance with respect to any individual client or matter.

c. Ledger for account fees and charges. A subsidiary ledger shall be maintained for funds of the lawyer deposited in the trust account to accommodate monthly service charges. Each deposit and expenditure of the lawyer's funds in the account and the balance following each transaction shall be identified in the ledger.

d. Deposit records. Deposit slips shall identify the name of the lawyer or law firm, and the name of the account. The deposit slip shall identify the amount of each deposit item, the client or matter associated with each deposit item, and the date of the deposit. The lawyer shall maintain a copy or duplicate of each deposit slip. All deposits shall be made intact. No cash, or other form of disbursement, shall be deducted from a deposit. Deposits of wired funds shall be documented in the account's monthly statement.

e. Disbursement records.

1. Checks. Checks shall be pre-printed and prenumbered. The name and address of the lawyer or law firm, and the name of the account shall be printed in the upper left corner of the check. Trust account checks shall include the words "Client Account," or "Trust Account," or words of similar import in the

(continued)

account name. Each check disbursed from the trust account shall identify the client matter and the reason for the disbursement on the memo line.

2. Canceled checks. Canceled checks shall be obtained from the financial institution. Imaged checks may be substituted for canceled checks.

3. Imaged checks. Imaged checks shall be acceptable if they provide both the front and reverse of the check and comply with the requirements of this paragraph. The information contained on the reverse side of the imaged checks shall include any endorsement signatures or stamps, account numbers, and transaction dates that appear on the original. Imaged checks shall be of sufficient size to be readable without magnification and as close as possible to the size of the original check.

4. Wire transfers. Wire transfers shall be documented by a written withdrawal authorization or other documentation, such as a monthly statement of the account that indicates the date of the transfer, the payee, and the amount.

f. Monthly statement. The monthly statement provided to the lawyer or law firm by the financial institution shall identify the name and address of the lawyer or law firm and the name of the account.

g. Reconciliation reports. For each trust account, the lawyer shall prepare and retain a printed reconciliation report on a regular and periodic basis not less frequently than every 30 days. Each reconciliation report shall show all of the following balances and verify that they are identical:

1. the balance that appears in the transaction register as of the reporting date;

2. the total of all subsidiary ledger balances for IOLTA accounts and other pooled trust accounts, determined by listing and totaling the balances in the individual client ledgers and the ledger for account fees and charges, as of the reporting date; and

(continued)

[Count Five] By engaging in conduct leading to a criminal conviction of OWI (3rd), Adent violated SCR 20:8.4(b).[5]

¶9 In the stipulation, Attorney Adent agrees that it would be appropriate for this court to publicly reprimand him. He further agrees that it would be appropriate for this court to impose the following conditions upon him:

- Within 60 days of the Court's final order, Attorney Adent must provide to OLR signed medical releases of confidentiality for each treatment provider who has provided or is providing alcohol-related or substance abuse-related treatment, assessment or services to Attorney Adent during the past five years, so that OLR and each provider can share pertinent information related to Attorney Adent, such releases to remain in effect for two years from the date Attorney Adent signs the releases;

- Within 60 days of the Court's final order, Attorney Adent must, at his own expense, participate in an alcohol and other drug abuse (AODA) and mental health assessment by a person of OLR's choosing, which shall make specific written recommendations, if appropriate, for Attorney Adent's treatment or maintenance. The assessment must be provided to OLR;

- Attorney Adent must submit to monitoring within 30 days of the date of the assessment, as

---

3. the adjusted balance, determined by adding outstanding deposits and other credits to the balance in the financial institution's monthly statement and subtracting outstanding checks and other deductions from the balance in the monthly statement.

[5] SCR 20:8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

directed by OLR; and for a period of two years beginning on the date of his entry into a monitoring program must comply with all monitoring requirements, including all requirements determined to be appropriate by the Wisconsin Lawyers' Assistance Program (WisLAP) or OLR's designated monitor;

- Attorney Adent must refrain from the consumption of alcohol and any mood-altering drugs without a valid prescription while subject to monitoring;

- Within 90 days of the Court's final order, Attorney Adent must establish a business account. Attorney Adent must provide OLR with a copy of the first bank statement for the business account;

- For a period of one year following his establishment of a business account, Attorney Adent must provide OLR on a quarterly basis with copies of the monthly bank statements for the business account;

- For a period of one year following the Court's final order, Attorney Adent must provide OLR on a quarterly basis with the monthly bank statements, the transaction register, all subsidiary ledgers, and the monthly reconciliation reports relating to the trust account[.]

¶10 Having considered this matter, we approve the stipulation and adopt the stipulated facts and legal conclusions of professional misconduct. From our independent review of the matter, we agree that a public reprimand is an appropriate sanction. We note that the OLR's memorandum in support of the stipulation identifies a number of aggravating and mitigating factors. With respect to aggravating factors, the OLR points out that Attorney Adent has substantial experience in practicing law, having been admitted in 1967. The OLR also notes that

10

Attorney Adent previously agreed to a consensual public reprimand for lack of diligence and for being convicted of OWI (second). In addition, the OLR says that, during the course of its investigation, Attorney Adent represented in two letters to the OLR that he had opened a business checking account when in fact the account he opened was a personal account.

¶11 With respect to mitigating factors, the OLR noted that Attorney Adent had an absence of dishonest or selfish motive and that he suffered from personal or emotional problems which he blamed for the issues with his bank accounts. The OLR also noted that Attorney Adent was the subject of penalties, including jail time, driver license revocation, and a fine, for the third offense OWI. Finally, the OLR said that Attorney Adent fully cooperated with the investigation and expressed remorse for his actions.

¶12 Although no two factual situations are ever precisely the same, a public reprimand is generally consistent with the sanction this court has imposed in somewhat similar cases, including In re Disciplinary Proceedings Against LeSieur, 2010 WI 117, 329 Wis. 2d 349, 789 N.W.2d 572 (attorney publicly reprimanded for misconduct including a violation of SCR 20:8.4(b), which stemmed from an OWI (third) conviction); Public Reprimand of Scott A. Jackman, 2010-9 (attorney publicly reprimanded for convictions of OWI (second) and (third) and failure to report convictions to the OLR). We further find it appropriate to impose the recommended conditions upon Attorney Adent. Because Attorney Adent entered into a comprehensive

11

stipulation under SCR 22.12, thereby obviating the need for the appointment of a referee and a full disciplinary proceeding, we do not impose any costs in this matter.

¶13  IT IS ORDERED that Leonard G. Adent is publicly reprimanded.

¶14  IT IS FURTHER ORDERED that the following conditions are hereby imposed upon Leonard G. Adent:

- Within 60 days of the date of this order, Attorney Adent shall provide the Office of Lawyer Regulation with signed medical releases of confidentiality for each treatment provider who is providing or has provided to Attorney Adent within the last five years treatment, assessment, or services related to alcohol or substance abuse, such releases to remain in effect for two years from the date of signature.

- Within 60 days of the date of this order, Attorney Adent shall, at his own expense, participate in an alcohol and other drug abuse and mental health assessment by a person of the Office of Lawyer Regulation's choosing; the assessment shall make specific written recommendations, if appropriate, for Attorney Adent's treatment or maintenance and shall be provided to the Office of Lawyer Regulation.

- Within 30 days of the date of the assessment specified above, Attorney Adent shall submit to monitoring as directed by the Office of Lawyer

12

Regulation, and he shall comply with all monitoring requirements, including all requirements deemed appropriate by the Wisconsin Lawyers' Assistance Program or other monitor designated by the Office of Lawyer Regulation, for a period of two years from his entry into a monitoring program.

- Attorney Adent shall refrain from the consumption of alcohol and any mood-altering drugs without a valid prescription while subject to monitoring.

- Within 90 days of the date of this order, Attorney Adent shall establish a business account and shall provide the Office of Lawyer Regulation with a copy of the first bank statement for said account.

- For a period of one year following the establishment of the business account specified above, Attorney Adent shall provide to the Office of Lawyer Regulation, on a quarterly basis, copies of the monthly bank statements for said account.

- For a period of one year from the date of this order, Attorney Adent shall provide to the Office of Lawyer Regulation, on a quarterly basis, copies of the monthly bank statements, transaction register, all subsidiary ledgers, and monthly reconciliation reports related to his trust account.

13

¶15 SHIRLEY S. ABRAHAMSON, J. *(dissenting).* I would not accept the stipulation. Although I agree with the order for restitution, payment of costs, and conditions, I conclude that a public reprimand is an insufficient sanction.

¶16 Five counts of professional misconduct were charged in the complaint and admitted by Attorney Adent, including trust account violations, criminal conviction of operating while intoxicated (OWI) (third), and a transaction with a client without informed consent or written disclosures. These are serious offenses and in and of themselves require a more severe sanction than a public reprimand.

¶17 The third OWI offense stands out. Drunk driving is a major public safety issue in Wisconsin and across the country. All drivers are aware, or should be held to be aware, of the dangers of drunk driving. That drunk driving may be prosecuted as a crime is also common knowledge.

¶18 A criminal conviction for OWI by a Wisconsin licensed lawyer does not in and of itself automatically constitute professional misconduct. But the record demonstrates that Attorney Adent has alcohol-related problems. His three OWI offenses and his numerous other violations of the Rules of Professional Conduct for Attorneys reflect on his honesty, trustworthiness, and fitness as a lawyer.

¶19 Although Attorney Adent has been sober for a number of months, his record is not sufficient to warrant a public reprimand rather than a suspension.

1

¶20 In addition, a public reprimand in the instant case does not properly take into account this court's commitment that discipline be generally progressive in nature. See In re Disciplinary Proceedings Against Nussberger, 2006 WI 111, 296 Wis. 2d 47, 719 N.W.2d 501.

¶21 Attorney Adent has a disciplinary history that supports the imposition of progressive discipline. In 2012, Attorney Adent consented to a public reprimand for a number of violations, including conviction of second offense OWI, failure to provide competent or diligent representation, and failure to obey an obligation under the rules of the tribunal.

¶22 I recognize that several cases have imposed a public reprimand for OWI violations. On reflection, I think some of these sanctions were not adequate and should not be followed in the instant case.

¶23 For the reasons set forth, I disagree that the imposition of a public reprimand is an appropriate level of discipline in the instant case. I would impose a suspension for a minimum of 60 days.

¶24 I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.