# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP2454-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Janet L. Heins, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, v. Janet L. Heins, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST HEINS

| | |
|---|---|
| OPINION FILED: | October 19, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP2454-D

STATE OF WISCONSIN     :     IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Janet L. Heins, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Janet L. Heins,**

      **Respondent.**

**FILED**

**OCT 19, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review a report filed by Referee James W. Mohr, Jr., concluding, based on a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Janet L. Heins, that Attorney Heins committed six counts of professional misconduct as alleged in the OLR's complaint. The referee agrees with the parties that a public reprimand is appropriate discipline for Attorney Heins' misconduct. The referee recommends, consistent with the stipulation, that we require Attorney Heins to submit the attorney fee dispute with her

former client, J.R., to binding arbitration, that we direct her to abide by any ensuing arbitration order, and that she be assessed the full costs of the proceeding, which are $2,378.02 as of July 24, 2017.

¶2 After careful review, we accept the referee's factual findings, conclusions of law, and recommendation. We commend the referee for his report, which helpfully sets forth the framework for consideration of the parties' stipulation, establishes the factual basis for his legal conclusions, and provides a reasoned analysis and authority supporting his recommendation to accept the stipulated discipline.

¶3 We agree that a public reprimand is appropriate here, and we agree that Attorney Heins should be required to submit her fee dispute with J.R. to binding arbitration, to comply with any resulting arbitration award, and that she shall bear the full costs of this proceeding. The OLR does not seek restitution and, based on this record, restitution is not warranted at this time.

¶4 Attorney Heins was admitted to practice law in Wisconsin in 1991. She resides and practices law in Mequon. She has no prior discipline.[1]

---

[1] On April 19, 2016, this court, in response to a motion from the OLR, issued an order directing Attorney Heins to show cause, in writing, why her license should not be suspended for willful failure to cooperate with the OLR's investigation into one of the matters at issue here. On May 4, 2016, the OLR received a response from Attorney Heins and withdrew its motion.

¶5 On December 15, 2016, the OLR filed a six-count complaint against Attorney Heins alleging misconduct involving three client matters. The OLR initially sought a 60-day license suspension and an order requiring Attorney Heins to submit a fee dispute with a client to binding arbitration. Attorney Heins, by counsel, filed an Answer characterizing the OLR's allegations as a failure "to fully meet a handful of technical requirements."

¶6 Referee Mohr was appointed. At an ensuing scheduling conference, the referee scheduled a two-day evidentiary hearing to commence June 19, 2017.

¶7 On June 14, 2017, the OLR and Attorney Heins executed and filed a stipulation. In the stipulation, Attorney Heins states that she:

> [A]dmits the allegations contained in that Complaint and agrees that OLR can prove the allegations of six (6) counts of misconduct and that the referee may use the factual allegations in the Complaint as an adequate factual basis in the record for a determination of misconduct as to each of those counts.

¶8 The stipulation further provides that the parties agree that a public reprimand is the appropriate level of discipline for Attorney Heins' misconduct and that she should be ordered to submit her fee dispute with J.R. to binding arbitration before the State Bar Fee Arbitration Program and comply with any arbitration award, subject to any rights and remedies provided for by the Program's rules.

¶9 In the stipulation, Attorney Heins further avers that the stipulation did not result from plea bargaining; she fully understands the misconduct allegations; she fully understands her right to contest the matter; she fully understands the ramifications of her entry into the stipulation; she fully understands her right to consult with counsel, states that she has in fact consulted with counsel; and states that her entry into the stipulation is made knowingly and voluntarily.

¶10 The referee noted that this stipulation was filed after all discovery was completed, shortly before the hearing. The referee observed that the effect of the stipulation was essentially an admission to all of the material allegations of the complaint. The referee construed the stipulation as a withdrawal of all defenses to the complaint and a plea of no contest. Proceeding consistent with SCR 22.14(2),[2] the referee ascertained whether there was an adequate factual basis for each allegation, then made a determination of misconduct with respect to each allegation.

---

[2] SCR 22.14(2) provides:

> The respondent may by answer plead no contest to allegations of misconduct in the complaint. The referee shall make a determination of misconduct in respect to each allegation to which no contest is pleaded and for which the referee finds an adequate factual basis in the record. In a subsequent disciplinary or reinstatement proceeding, it shall be conclusively presumed that the respondent engaged in the misconduct determined on the basis of a no contest plea.

¶11 The first two counts of the complaint involve Attorney Heins' representation of J.R. The complaint alleged and the parties stipulated that Attorney Heins represented J.R. in an employment matter. On February 16, 2012, they entered into a written fee agreement providing that $25,000 in advance fees paid by J.R. would be placed in Attorney Heins' business account. The written agreement further provided that Attorney Heins would provide an accounting of the fees earned. The agreement provided that if there was any dispute about fees, she would give notice to J.R. and, if the dispute was not resolved, she would submit the dispute to binding arbitration through the State Bar Fee Arbitration Program.

¶12 By December 2014, all but $645.23 of the $25,000 in advance fees had been billed. J.R. made a second advance payment of fees in the amount of $3,000.

¶13 In January 2015, Attorney Heins sought to withdraw as counsel for J.R., citing health issues. On February 12, 2015, she sent J.R a "Final Statement" of fees. Attorney Heins indicated that a refund in the amount of $1,411.53 was due and she paid that amount to him. The statement did not contain the notices required by former SCR 20:1.15(b)(4m)b.[3]

---

[3] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

Former SCR 20:1.15(b)(4m)b. provided:

(continued)

5

¶14 Ten days later, on February 22, 2015, J.R. notified Attorney Heins that he disputed the fees charged and asked for a "significant refund" of the total $28,000 he had paid.

¶15 On February 24, 2015, Attorney Heins indicated she would not be making an additional refund.  On March 2, 2015, J.R. again disputed the fees.  In the summer of 2015, J.R. submitted the fee dispute with Attorney Heins to the State Bar Fee Arbitration Program.

---

A lawyer who accepts advanced payments of fees may deposit the funds in the lawyer's business account, provided that review of the lawyer's fee by a court of competent jurisdiction is available in the proceeding to which the fee relates, or provided that the lawyer complies with each of the following requirements:

b. Upon termination of the representation, the lawyer shall deliver to the client in writing all of the following:

1. a final accounting, or an accounting from the date of the lawyer's most recent statement to the end of the representation, regarding the client's advanced fee payment with a refund of any unearned advanced fees;

2. notice that, if the client disputes the amount of the fee and wants that dispute to be submitted to finding arbitration, the client must provide written notice of the dispute to the lawyer within 30 days of the mailing of the accounting; and

3. notice that, if the lawyer is unable to resolve the dispute to the satisfaction of the client within 30 days after receiving notice of the dispute from the client, the lawyer shall submit the dispute to binding arbitration.

¶16 Attorney Heins did not respond to any correspondence sent to her by the State Bar Fee Arbitration Program and failed to submit to arbitration.

¶17 Count One of the complaint alleged that, by failing to provide to J.R., at the termination of her representation of him, all notices required by former SCR 20:1.15(b)(4m)b., Attorney Heins violated that rule.

¶18 Count Two alleged that, by failing to submit the fee dispute with J.R. to arbitration, Attorney Heins violated former SCR 20:1.15(b)(4m)c.,[4] which provided that upon timely receipt of written notice of a dispute from the client, the lawyer shall attempt to resolve that dispute with the client, and if the dispute is not resolved, the lawyer shall submit the dispute to binding arbitration with the State Bar Fee Arbitration Program or a similar local bar association program.

¶19 The referee found that, based upon Attorney Heins' admission that her final statement to J.R. of February 12, 2015, "did not contain the notices required by former SCR 20:1.15(b)(4m)b.2. and 3." and based upon the absence of any

---

[4] Former SCR 20:1.15(b)(4m)c. provided:

> Upon timely receipt of written notice of a dispute from the client, the lawyer shall attempt to resolve that dispute with the client, and if the dispute is not resolved, the lawyer shall submit the dispute to binding arbitration with the State Bar Fee Arbitration Program or a similar local bar association program within 30 days of the lawyer's receipt of the written notice of dispute from the client.

information in the record that a court of competent jurisdiction approved Attorney Heins' fee, the referee found there was an adequate factual basis in the record to support the misconduct alleged in Count One.

¶20 The referee found that, based upon Attorney Heins' admission that she did not respond to or participate in the State Bar Fee Arbitration Program, there was an adequate factual basis in the record to support the misconduct alleged in Count Two.

¶21 Counts Three through Five of the complaint involved Attorney Heins' representation of M.I. in connection with an employment matter. In early November 2015, M.I. opted to settle; settlement funds were deposited into Attorney Heins' trust account on November 3, 2015. M.I. was entitled to $3,750 of the funds.

¶22 By early December 2015, M.I. had not received his portion of the settlement. Over the next month, M.I. exchanged several emails with Attorney Heins regarding the funds.

¶23 On January 19, 2016, Attorney Heins drafted a check from her client trust account to M.I. for the funds. The check was twice rejected for insufficient funds, resulting in fees charged to M.I. by his own bank.

¶24 On March 1, 2016, Attorney Heins drafted a second check which included the bank charges M.I. had incurred, plus his portion of the fees. That check was honored.

¶25 The OLR examined Attorney Heins' bank records and determined that between November 3, 2015, and January 31, 2016,

the balance in her trust account was below the amount that was owed to M.I.

¶26 Between February 2016 and April 2016, the OLR sent Attorney Heins a series of letters seeking her response to allegations regarding M.I., and advising Attorney Heins of her duty to cooperate with the OLR's investigation under SCR 21.15(4) and SCR 22.03(6). Attorney Heins did not submit a complete or timely response. Eventually, on April 19, 2016, this court issued an order directing Attorney Heins to show cause why her license should not be suspended for willful failure to cooperate with the investigation. On May 4, 2016, the OLR received, via fax from Attorney Heins, a response to the OLR's letter of March 25, 2016. The OLR then withdrew its motion.

¶27 Count Three alleged that by failing to hold in trust funds belonging to M.I., Attorney Heins violated SCR 20:1.15(b)(1).[5]

¶28 The referee found that, based upon the undisputed evidence that there were, at various times, insufficient funds in Attorney Heins' trust account to pay M.I. what was owed him,

---

[5] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one of more identifiable trust accounts.

there was an adequate factual basis in the record to support the claim of misconduct in Count Three.

¶29 Count Four alleged that by failing to promptly deliver to M.I. the settlement funds belonging to him, Attorney Heins violated former SCR 20:1.15(d)(1).[6]

¶30 The referee found that based upon the undisputed factual admissions in the record that Attorney Heins had received settlement funds on November 3, 2015, but did not pay them to M.I. until on or after March 1, 2016, Attorney Heins did not "promptly deliver to the client" the settlement funds that the client was entitled to receive and that therefore there was an adequate factual basis in the record to support the misconduct alleged in Count Four.

¶31 Count Five alleged that by failing to timely respond to the OLR's investigative letters of February 17 and February 22, 2016, Attorney Heins violated SCR 22.03(2), enforceable by SCR 20:8.4(h), and, by willfully failing to timely provide the trust account records requested in the OLR's letters of

---

[6] Former SCR 20:1.15(d)(1) provided:

> Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

10

February 17 and March 25, 2016, Attorney Heins violated SCR 22.03(2) and (6),[7] enforceable by SCR 20:8.4(h).[8]

¶32 The referee found that based upon the undisputed facts in the record that Attorney Heins refused on several occasions to furnish information requested by the OLR in correspondence, and only supplied the complete information after the OLR was required to file a Motion and Order to Show Cause, there was an adequate factual basis in the record to support the misconduct alleged in Count Five.

---

[7] SCR 22.03(2) and (6) provide:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[8] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(6), or SCR 22.04(1)."

¶33 Count Six of the complaint alleged that on September 10, 2015, another of Attorney Heins' clients, M.J., presented for payment a check from Attorney Heins' trust account in the amount of $600, representing his portion of a settlement. The check was returned for insufficient funds. On that date Attorney Heins had a zero balance in her trust account.

¶34 The following day, Attorney Heins made deposits totaling $600 into her trust account. M.J. again presented the check on September 16, 2015. This time, the check cleared the bank.

¶35 Count Six alleged that by failing to hold in trust funds belonging to M.J., Attorney Heins violated SCR 20:1.15(b)(1). The referee found that, based upon the undisputed evidence in the record, that the $600, which was owed to M.J., was not in Attorney Heins' trust account when the check was first presented for payment, there was an adequate factual basis in the record to support misconduct as alleged in Count Six.

¶36 Accordingly, based upon the stipulation filed on June 14, 2017, and for the reasons set forth above, the referee found, as proven fact, each and every factual allegation in the OLR's complaint. Further, the referee concluded that the record was sufficient to support his determination that Attorney Heins violated the supreme court rules as alleged in the OLR's complaint.

12

¶37 No appeal from the referee's report was filed so our review proceeds under SCR 22.17(2).[9] In conducting our review, we uphold a referee's findings of fact unless they are shown to be clearly erroneous, and we review the referee's conclusions of law de novo. See In re Disciplinary Proceedings Against Carroll, 2001 WI 130, ¶29, 248 Wis. 2d 662, 636 N.W.2d 718; In re Disciplinary Proceedings Against Sosnay, 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). We determine the appropriate level of discipline to be imposed under the circumstances, independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶38 There is no showing that any of the referee's findings of fact, which are derived from the parties' stipulation, are clearly erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that Attorney Heins violated the supreme court rules set forth above.

¶39 The referee then considered the appropriate discipline for Attorney Heins' misconduct. The parties jointly requested the referee recommend a public reprimand and that Attorney Heins

[9] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

13

be ordered to submit her fee dispute with J.R. to binding arbitration before the State Bar Fee Arbitration Program and comply with any arbitration award, subject to any rights or remedies provided for by the Program's rules.

¶40 The referee conducted an independent assessment of whether the stipulated discipline was appropriate. The referee set forth the relevant factors to be considered when ascertaining the appropriate sanction for misconduct, including the seriousness, nature, and extent of misconduct, the level of discipline needed to protect the public and the legal system from repetition of the misconduct, the need to impress on the attorney the seriousness of the misconduct, and the need to deter others from committing similar acts. In re Disciplinary Proceedings Against Hammis, 2011 WI 3, 331 Wis. 2d 19, 793 N.W.2d 884.

¶41 The referee observed that there was no evidence of prior disciplinary proceedings against Attorney Heins. The referee noted that this proceeding involves misconduct in three separate client matters, including failure to abide by agreements with a client, failure to obey supreme court rules concerning fee disputes, several trust account violations, including being "out of trust" on numerous occasions, and failure to cooperate with the OLR's investigation. The referee deemed these "serious allegations of misconduct extending over several years." The referee deemed particularly troublesome Attorney Heins' refusal to follow through on both her written

agreement and supreme court rule requiring participation in the State Bar Fee Arbitration Program.

¶42 The referee observed that on previous occasions, this court has imposed public reprimands in similar cases. In re Disciplinary Proceedings Against Halverson, 225 Wis. 2d 215, 591 N.W.2d 821 (1999) (public reprimand imposed on attorney with no prior discipline who failed to supply requested information to clients, failed to refund fees, and failed to cooperate with OLR); In re Disciplinary Proceedings Against Grapsas, 174 Wis. 2d 816, 498 N.W.2d 400 (1993) (imposing public reprimand on attorney with no prior discipline who failed to cooperate with OLR, failed to refund fees to a client, and failed to respond to requests for information from the client); In re Disciplinary Proceedings Against Adent, 2016 WI 19, 367 Wis. 2d 372, 877 N.W.2d 364 (accepting stipulation and imposing public reprimand on attorney for trust account violations).

¶43 On balance, the referee determined that a public reprimand is appropriate discipline here and that the court should order Attorney Heins to submit her fee dispute with J.R. to binding arbitration before the State Bar Fee Arbitration Program, and to fully and promptly comply with that proceeding as well as with any arbitration award or other orders that may be made in connection with those proceedings. The referee added that if Attorney Heins fails to comply, the OLR should be authorized to request the court re-open this matter to consider additional discipline. Finally, the referee recommends we

15

impose the full costs of this proceeding on Attorney Heins. We agree with the referee's analysis.

¶44 IT IS ORDERED that Janet L. Heins is publicly reprimanded.

¶45 IT IS FURTHER ORDERED that Janet L. Heins shall, if she has not already done so, promptly submit her fee dispute with J.R. to binding arbitration before the State Bar Fee Arbitration Program, and shall fully and promptly comply with that proceeding as well as with any arbitration award or other orders that may be made in connection with those proceedings.

¶46 IT IS FURTHER ORDERED that within 60 days of the date of this order, Janet L. Heins shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $2,378.02 as of July 24, 2017.

¶47 IT IS FURTHER ORDERED that the Director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order. If Janet L. Heins fails to comply with our directive to submit her fee dispute to binding arbitration, the Office of Lawyer Regulation may request the court re-open this matter to consider imposition of additional sanctions.